## LONNIE SLOAN v. THE STATE.

1. PERJURY. *Immaterial matter. No conviction.*

> Under an indictment for perjury, alleged to have been committed before a grand jury, it is immaterial whether the accused had previously testified before a committing court in respect to the charge being investigated, and a conviction cannot be predicated on any false statement as to this.

2. SAME. *Proof that accused was sworn. Custom. Presumption.*

> A conviction of perjury committed before a grand jury is unauthorized where it is not proved that the accused was sworn. Proof that it was the custom of the grand jury to swear all witnesses is insufficient; and the presumption that the oath was duly administered, being a general one, is met by the presumption of defendant's innocence.

FROM the circuit court of Lafayette county.

HON. EUGENE JOHNSON, Judge.

Appellant was convicted of perjury, alleged to have been committed before the grand jury of Lafayette county. The

indictment charges that he was examined before the grand jury in the investigation of a difficulty between one Kimmons and one Jackson, with a view of determining whether a crime had been committed, and, being duly sworn, falsely testified that he was not present when Kimmons shot Jackson, and knew nothing about it, and that he was not a witness in the justice court where said charge was investigated.

Among other things, it was shown that the accused was a witness before the justice court, and that he denied this before the grand jury.

The following instruction, asked by defendant, was refused: "The court charges the jury that it was not material in the matter of investigation before the grand jury whether the defendant was a witness in the magistrate's court or not, and perjury cannot be predicated upon any false statement about it." The opinion contains a further statement of the case.

*W. V. Sullivan,* for appellant.

1. Whether appellant was a witness before the committing court or not, was an immaterial matter in the determination by the grand jury of the question whether Kimmons had committed a crime. The fact that he had testified at the committing trial did not cast one ray of light upon the question the grand jury was investigating. Perjury cannot be predicated of immaterial statements. 3 Rice on Ev., p. 788; 2 Russell on Crimes, 521, 639; Stephens' Cr. Dig., art. 135; Knolloch's Cr. Dig., 345; *White* v. *State,* 1 Smed. & M., 149; *Nelson* v. *State,* 47 Miss., 621; 8 Ves. Jr., 35. A false oath upon an immaterial matter will not support a conviction of perjury. Roscoe's Cr. Ev., 75.

2. The testimony does not sufficiently show that the defendant was sworn as witness before the grand jury, and, without this, there could be no perjury.

*Frank Johnston,* attorney-general, for the state.

The instruction to the effect that it was not material, in the

investigation before the grand jury, whether the defendant was a witness in the justice court, and that perjury could not be predicated upon any false statement as to that, was clearly on the weight of evidence, and was, therefore, properly refused. Whether the fact stated was material or immaterial, should have been left to the determination of the jury. It was proper to consider this matter in determining the guilt or innocence of the defendant. The jury was correctly instructed, and the motion for a new trial was properly overruled.

COOPER, J., delivered the opinion of the court.

This prosecution is against a small negro boy—almost a child—for the grave crime of perjury. We confess our gratification in finding the conviction not supported by the evidence. It is difficult to conceive any circumstances under which the question whether appellant was a witness before the justice of the peace could become material in the investigation made by the grand jury, in the course of which the perjury charged is alleged to have been committed. But the indictment charged that this was a material fact, and this averment in the indictment was probably sufficient. Bishop on Crim. Proc., § 921. But this allegation required proof, and none was made on the trial. Bishop on Crim. Proc., § 935, and authorities there collected. No conviction could have been sustained of perjury as to that matter, and the court should so have instructed the jury.

The evidence is not sufficient to show that appellant was in fact sworn before the grand jury. This was a material ingredient of the offense, and should have been established as any other fact in the case. No witness testified positively that he was sworn. The only evidence is that it was the custom of the grand jury to swear all witnesses appearing before it. The presumption that this was done as to appellant is met and put at rest by the presumption of his innocence. Both presumptions are general in character, and guilt

cannot be established by the mere presumption of discharge of its official duty by the grand jury in this respect.

*Judgment reversed.*