GRIZZARD *v.* STATE.*

(Division A.   Feb. 13, 1928.)

[115 So. 555.   No. 26914.]

SEARCHES AND SEIZURES. *Warrant wherein defendant's name was inserted after affiant stated officers had misunderstood him about name held void for absence of oath (Constitution 1890, section 23).*

Where agreement relative to issuance of warrant showed that after search under warrant as originally issued affiant stated that officers had misunderstood him about name, whereupon justice of the peace erased such name and wrote name of defendant in warrant and redelivered it to officers, there was no corporal act which would constitute an oath, required by Constitution 1890, section 23, to affidavit which authorized issuance of warrant for search of premises, and, consequently, such warrant was void.

*Corpus Juris-Cyc. References:   Searches and Seizures, 35 Cyc, p. 1266, n. 13. As to formalities of administering or making oath, see annotation in 51 A. L. R. 840.

APPEAL from circuit court of Prentiss county.
HON. C. P. LONG, Judge.

Aaron Grizzard was convicted of the unlawful possession of intoxicating liquors, and he appeals. Reversed and remanded.

*Friday & Windham,* for appellant.

We contend that the affidavit supporting the search warrant which authorized the search of appellant's home was not sworn to; that it was not supported by the proper oath of affirmation as required by a strict compliance with section 23 of the Constitution. In fact as we understand the evidence, the affiant made no attempt, whatever, to swear to the affidavit, merely asserting that he had information that appellant had intoxicating liquor in his possession. See 20 R. C. L. 508, art. 4. In *Atwood* v. *State,* 146 Miss. 662, 111 So. 865, this court went further than it had ever before gone in holding in favor of the laxity or informality of an oath. But in this case after holding that it was not necessary to make a formal oath, the court adhered to the doctrine that the affiant must perform some corporal act to distinguish his statement from mere assertion. If this should be construed as an amendment, it would be of no avail here, because in that event it would be necessary that the oath or affirmation be readministered. See 1 R. C. L. 774, art. 22; *Miller* v. *State,* 129 Miss. 774, 93 So. 2. We therefore submit that the evidence of the officers was obtained by means of an unlawful search of appellant's premises, and that same is inadmissible under the rule announced in *Tucker* v. *State,* 128 Miss. 211, 90 So. 845.

*Rufus Creekmore,* for appellee.

Under these facts it cannot be said that there was no valid affidavit for the search warrant of the appellant's premises. The agreed statement of facts shows that the officer who made the affidavit was acting on information; that both he and the justice of the peace who issued the warrant misunderstood the name of the party given by the informant, and for that reason when the jurat of the justice of the peace was affixed to the affidavit the name included in the affidavit was erroneous. When the

error was discovered the justice of the peace merely performed the ministerial duty of correcting a clerical error. This case in many respects is similar to the case of *Atwood* v. *State,* 146 Miss. 662, 111 So. 865. In each case both the affiant and the justice of the peace knew that an oath was necessary and in each case they did that which they considered sufficient to take and administer the oath. Both of them intended that the necessary thing should be done in order to procure the search warrant. The affidavit in this case was properly made; the search warrant was properly issued and the evidence obtained by reason of the search was competent.

COOK, J., delivered the opinion of the court.

The appellant, Aaron Grizzard was convicted of unlawfully having in his possession intoxicating liquors, and from the sentence imposed he prosecuted this appeal.

The testimony upon which the conviction is based, and which was admitted over the objection of appellant, was procured by means of a search warrant which the appellant insists was void. From an agreement dictated into the record by the trial judge, it appears the warrant was originally issued for the search of the home of one Will Rogers, and that:

"The parties went to Will Rogers' house and came back and reported to the justice of the peace the result of their search; that then the witness on whose information they acted stated that they had misunderstood him about the man's name; that the justice of the peace then erased the name of Will Rogers and wrote the name of this defendant in the warrant and redelivered it to the officers; and that they then went and made a search of this man's house."

It will be noted that this agreement does not show that the original affidavit was ever changed by striking out the name of Will Rogers and inserting the name of this appellant, but an inspection of the affidavit as it ap-

pears in the record shows that such change was actually
made. The agreement in the record does not show that
the substitution of the name of this appellant for that of
Will Rogers was made at the instance, or upon the re-
quest of the original affiant, or that such affiant did any
corporal act which would constitute an oath to the af-
fidavit for the search of the premises of this appellant.
The agreement merely recites that, when the witness on
whose information they acted stated that they had mis-
understood him about the man's name, "the justice of
the peace then erased the name of Will Rogers and wrote
the name of this defendant in the warrant and rede-
livered it to the officers."

We do not think the facts in this record bring this case
within the rule announced in the case of *Atwood* v. *State,*
146 Miss. 662, 111 So. 865, 51 A. L. R. 836, in which it
was held that, where the affiant, in the presence of the
justice, signed an affidavit, and the justice thereupon af-
fixed his jurat thereto, and issued a search warrant in
proper form, affiant will be held to have taken the oath
required under section 23 of the Constitution of 1890.
Aside from any question that might arise as to whether
or not the affidavit and search warrant became *functus
officio* after the search of the premises therein desig-
nated, and could not, by act of the affiant, be vitalized so
as to authorize the search of other premises, we think
the agreement as to what transpired fails to show that
the original affiant did any corporal act which would con-
stitute an oath to an affidavit which authorized the is-
suance of a warrant for the search of appellant's prem-
ises, and, consequently, that such warrant was void.

The judgment of the court below will therefore be re-
versed, and the cause remanded.

*Reversed and remanded.*