# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2788

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Harlin R. Brooks, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 12, 2002

Filed: April 16, 2002

_____

Before McMILLIAN, HEANEY, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Harlin Brooks appeals his convictions for possessing cocaine base with intent to distribute it, *see* 21 U.S.C. § 841(a)(1), and for being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1). On appeal, Mr. Brooks contends that the district court[1] should have granted his motion to suppress evidence obtained from a search

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

of his residence because, according to Mr. Brooks, when the law enforcement officer signed the affidavit supporting the search warrant he was not under oath. We affirm.

I.

After conducting an investigation and discovering through an informant that cocaine base was being sold from the premises in issue, Officer Chris Graves prepared an application for a search warrant along with a supporting affidavit. At the beginning of the affidavit the officer typed, "I, Chris Graves, being duly sworn depose[] and state[] as follows," and preceding the line for his signature he typed, "I have read this affidavit and the facts herein are true to the best of my knowledge." The warrant application also began by stating that Officer Graves was "duly sworn," and later recited that "being duly sworn [he] depose[d] and state[d]" that he had "probable cause."

The prosecuting attorney signed the warrant application, and Officer Graves signed both the application and the affidavit in the presence of a notary public, whose jurat following the officer's signature on each document states, "Subscribed and sworn to me this 18 of March 2000 at 1536 p.m." Officer Graves also prepared a search warrant for the state judge's signature; the warrant indicated that the "application [was] duly verified by oath or affirmation." The officer then took the documents to a state judge, who issued the warrant. Based on the warrant, Officer Graves participated with other law enforcement officers in the search of Mr. Brooks's residence, where they seized the drugs and gun that furnished the basis for Mr. Brooks's convictions.

Prior to trial, Mr. Brooks filed a motion to suppress all evidence obtained as a result of the search, and the district court referred the motion to a magistrate judge[2]

---

[2]The Honorable Lewis M. Blanton, United States Magistrate for the Eastern District of Missouri.

for an evidentiary hearing, *see* 28 U.S.C. § 636(b)(1)(B). At the hearing, Officer Graves testified to the circumstances under which the warrant was issued. On cross-examination, he stated that he did not "recall the oath that [the notary] administered" to him before he signed the affidavit and did not remember the notary having him raise his right hand and solemnly swear "to tell the truth and nothing but the truth."

Following the evidentiary hearing, the district court, adopting the report and recommendation of the magistrate judge, concluded that Officer Graves, having worked in law enforcement for eleven years, "was well aware as an experienced police officer that both the application and affidavit were under oath." The court also observed that "the nature of the documents" indicated that the officer "realized he was swearing to the truth of what he said," and determined as well that the notary who signed both the application and the affidavit "was aware that the documents were sworn to." We take these conclusions as a factual finding that Mr. Brooks intended to be under oath because his statements and actions manifested such an intention.

## II.

Ordinarily, we review a district court's factual findings for clear error and the denial of a motion to suppress *de novo. See United States v. Newton,* 259 F.3d 964, 966 (8th Cir. 2001). Here, however, the record reflects that Mr. Brooks did not object to the magistrate's report and recommendation, *see* 28 U.S.C. § 636(b)(1)(C), and therefore we review the court's factual determinations for plain error, *see Newton*, 259 F.3d at 966.

Under the fourth amendment to the United States Constitution, "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." "An 'Oath or affirmation' is a formal assertion of, or attestation to, the truth of what has been, or is to be, said." *United States v. Turner*, 558 F.2d 46, 50 (2d Cir. 1977). According to Black's Law Dictionary (7th ed. 1999), an "oath" is defined as a "solemn declaration, accompanied by a swearing to God or a revered person or thing, that

one's statement is true," *id.* at 1099, while an "affirmation" is a "pledge equivalent to an oath but without reference to a supreme being or to 'swearing,'" and "either type of pledge may subject the person making it to the penalties for perjury," *id.* at 59.

We reject Mr. Brooks's contention that the district court had no basis for concluding that Officer Graves was under oath when he signed the warrant application and the supporting affidavit. We agree with the district court that the language that Officer Graves used in the documents, especially the repeated recitations that he was "duly sworn," quite obviously reflects his intention to be under oath. His conduct was also consistent with that intention: He took the documents to an individual authorized to administer oaths and signed them before that individual, and he presented to a judge for signature a warrant that acknowledged that the warrant application was "duly verified by oath or affirmation." Regardless of whether we review for plain error or clear error, we conclude that there was sufficient evidence to support the district court's finding that Officer Graves intended to be under oath.

Almost all of the apposite cases indicate that this is the relevant inquiry because a person who manifests an intention to be under oath is in fact under oath. In *Atwood v. State*, 146 Miss. 662, 111 So. 865, 866 (1927), for instance, where both the law enforcement officer, who signed the affidavit in the presence of a justice of the peace, and the justice of peace, who affixed his jurat, knew an oath was required and did what they thought was necessary for the administration of an oath, the court concluded that "by construction, what occurred amounted to the taking of the necessary oath." The court added that "[o]ne may speak as plainly and effectually by his acts and conduct as he can by word of mouth." *Id.*; *see also State v. Douglas*, 71 Wash. 2d 303, 428 P.2d 535, 538-40 (1967); *Farrow v. State*, 71 Okla.Crim. 397, 112 P.2d 186, 188-90 (Okla.Crim.App. 1941).

We also observe that Officer Graves's evident state of mind when he signed the affidavit and application for a warrant ensured that the purpose of the fourth amendment's "Oath or affirmation" requirement was fulfilled. An oath or affirmation "is designed to ensure that the truth will be told by insuring that the witness or affiant will be impressed with the solemnity and importance of his words. The theory is that those who have been impressed with the moral, religious or legal significance of formally undertaking to tell the truth are more likely to do so than those who have not made such an undertaking or been so impressed." *Turner*, 558 F.2d at 50. We believe that the circumstances that caused Officer Graves to believe that he was signing under oath would also have impressed upon him the "importance of his words," *id.*

We think that the better practice is for an affiant orally to affirm or swear before a person authorized to administer oaths. But in this case we believe that the facts support a conclusion that Officer Graves was under oath when he made the application for the warrant because he intended to undertake and did undertake that obligation by the statements he made in his affidavit and by his attendant conduct. In other words, a person may be under oath even though that person has not formally taken an oath by raising a hand and reciting formulaic words. Even if Officer Graves was not under oath, however, it is plain that his affidavit contained at the very least an affirmation of the truth of the statements in it, because it included a number of formal assertions that he was telling the truth. Thus the fourth amendment was not violated by the issuance of the warrant.

### III.

We therefore affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.