**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gerardo BUENO–VARGAS,
Defendant–Appellant.**

No. 03–50381.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 2004.

Filed Sept. 21, 2004.

Timothy A. Scott, Federal Defenders of San Diego, Inc., San Diego, CA, for the defendant-appellant.

Joseph C. Wyderko, U.S. Department of Justice, Criminal Division, Washington, DC, for the plaintiff-appellee.

Before D.W. NELSON, KOZINSKI, and GRABER, Circuit Judges.

GRABER, Circuit Judge:

Does a customs agent's statement of probable cause to detain an arrested person pending further proceedings, made under penalty of perjury and sent to a magistrate judge by facsimile (fax), satisfy the Fourth Amendment's requirement of an "Oath or affirmation"? We answer that question "yes" and, accordingly, affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On a Friday morning, border officials stopped Defendant Gerardo Bueno–Vargas when he attempted to enter the United States by car from Mexico at the Calexico Port of Entry in Imperial County, California. Defendant's car was referred to the secondary inspection area, where a detection dog alerted to the presence of drugs. Customs Service agents searched the car and found 34 packages of cocaine, weighing a total of 49.95 kilograms, secreted in the quarter panels.

Defendant waived his *Miranda* rights and then admitted that he knew that there were "drugs" in the vehicle, although he denied knowing their type or quantity. Defendant also admitted that he had been promised $1,500 for driving the car from Mexicali, Mexico, to Calexico, California.

Defendant was arrested and taken to the Imperial County jail.

Later that same day, Customs Service Special Agent John Budrewicz signed a "Probable Cause Statement" and faxed it to a magistrate judge in San Diego. The statement, which Budrewicz declared under penalty of perjury was true, described the facts of Defendant's stop, search, and confession. At 6:10 p.m. on Friday, about fifteen minutes after Budrewicz sent his fax, the magistrate judge faxed back a signed finding of probable cause. Defendant was detained at the county jail over the weekend.

The following Monday, a different Customs Service agent personally swore out a complaint before a different magistrate judge. The second magistrate judge signed the complaint, and Defendant made his initial appearance before that magistrate judge the same day.

A grand jury indicted Defendant for importation of five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 952 and 960, and for possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1). In the district court, Defendant moved to dismiss the indictment on the ground that he was unlawfully detained for more than 48 hours over the weekend without a warrant and without a sufficient probable cause determination. The district court denied the motion.

Thereafter, Defendant entered a conditional plea of guilty to the drug importation count, and the government agreed to dismiss the distribution count at sentencing. Defendant reserved the right to appeal only one issue: whether the indictment should be dismissed because the weekend fax procedure for obtaining a finding of probable cause violates the Federal Rules of Criminal Procedure, the Due Process Clause, or the Fourth Amendment. The district court accepted the plea and sentenced Defendant to 50 months' imprisonment, to be followed by three years of supervised release. Defendant then filed this timely appeal.

## STANDARD OF REVIEW

We review de novo a district court's denial of a motion to dismiss an indictment on constitutional grounds. *United States v. Carreno*, 363 F.3d 883, 887 (9th Cir. 2004).

## DISCUSSION

Defendant was arrested on a Friday, and a complaint against him was sworn out on the following Monday. In this appeal Defendant has waived the right to challenge the Friday arrest, the Monday complaint procedure, and the existence of probable cause; only the procedure that led to his detention over the weekend is properly before us.[1]

When the government wishes to arrest a suspect, it ordinarily must obtain an arrest warrant. The Federal Rules of Criminal Procedure describe the usual manner of obtaining a warrant. First, a federal agent swears out a complaint under oath before a magistrate judge. Fed.R.Crim.P. 3.[2] If the complaint or the affidavits filed in support establish probable cause to believe that the suspect has committed an offense,

---

1. Because we hold that the detention was lawful, we need not decide whether the remedy that Defendant seeks—dismissal of the indictment—would be appropriate if the weekend detention were unlawful.

2. The complaint is a written statement of the essential facts constituting the offense charged. It must be made under oath before a magistrate judge or, if none is reasonably available, before a state or local judicial officer.

Fed.R.Crim.P. 3

the judge must issue an arrest warrant. Fed.R.Crim.P. 4.[3]

In some circumstances, government agents may instead make warrantless arrests when they have probable cause to do so.[4] When government agents effect a warrantless arrest, Federal Rule of Criminal Procedure 5(b) requires that a complaint be filed "promptly" in the district where the offense was allegedly committed. The Rules, then, require that a complaint be filed either before, or shortly after, a suspect is arrested.

■ If the government wishes to detain an arrested suspect pending further proceedings (rather than let the suspect go in the meantime), the Fourth Amendment adds an additional requirement to the government's tasks. In *Gerstein v. Pugh*, 420 U.S. 103, 114, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), the Supreme Court held that "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." When an arrest has been made subject to a warrant, a judicial determination of probable cause has already been made as a prerequisite to obtaining the arrest warrant. In the case of warrantless arrests, however, there has been no pre-arrest probable cause determination by a judicial officer. In such cases, the Court has held that to detain the suspect pending further proceedings, the government must obtain—within 48 hours of the arrest—a probable cause determina-

tion by a judicial officer. *County of Riverside v. McLaughlin*, 500 U.S. 44, 56, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991).[5] The 48–hour requirement of *McLaughlin* is distinct from Rule 5(b)'s requirement that a complaint be filed "promptly" after a warrantless arrest, although a complaint satisfying Rule 5(b), if filed within 48 hours of an arrest, also would satisfy the *McLaughlin* requirement.

In this case, because the formal complaint was filed on Monday morning, more than 48 hours after Defendant's arrest, it cannot satisfy the *McLaughlin* requirement.[6] We therefore must decide whether the Friday fax exchange between Agent Budrewicz and the magistrate judge is sufficient to satisfy the 48–hour time constraint imposed by *McLaughlin*. Defendant argues that it is not, for two reasons: (1) it did not comply with the Federal Rules of Criminal Procedure, and (2) it lacked the "Oath or affirmation" required by the Fourth Amendment.

1. *The Federal Rules of Criminal Procedure do not govern a* McLaughlin *probable cause determination.*

The first question that we must decide is whether the Federal Rules of Criminal Procedure apply to a *McLaughlin* probable cause determination, when a suspect is arrested without a warrant and detained pending further proceedings. Defendant argues that the Rules *do* apply and that a Rule 3 complaint is the *only* mechanism

---

**3.** If the complaint or one or more affidavits filed with the complaint establish probable cause to believe that an offense has been committed and that the defendant committed it, the judge must issue an arrest warrant to an officer authorized to execute it.

Fed.R.Crim.P. 4(a).

**4.** A warrantless arrest in a public place may be made even in the absence of exigent circumstances. *United States v. Johnson*, 626 F.2d 753, 756 (9th Cir.1980).

**5.** A delay of more than 48 hours is justified only by demonstration of "the existence of a bona fide emergency or other extraordinary circumstance." *McLaughlin*, 500 U.S. at 57, 111 S.Ct. 1661.

**6.** In this appeal we do not consider whether the Monday filing of the complaint was "prompt" enough under Rule 5 or whether the content of the complaint was sufficient under Rules 3 and 4, because any argument about those issues has been waived.

the government may use to obtain a *McLaughlin* probable cause determination. The fax procedure used in this case does not satisfy the requirements for a complaint under Rule 3 because the Rule requires that a complaint be made "before a magistrate judge," and Budrewicz did not appear personally in front of a magistrate judge. Therefore, if the Rules apply, as Defendant contends, his detention was improper.

 Contrary to Defendant's arguments, we find that there is no basis on which to conclude that the Federal Rules of Criminal Procedure relating to complaints underlying arrest warrants also cover the distinct procedure required by *Gerstein* and *McLaughlin* in order to detain an arrested person pending further procedures. Nothing in the Rules states, or even implies, that they are intended to govern such determinations. The Rules simply do not designate any particular procedure for obtaining a probable cause determination in order to detain a suspect, pending further proceedings, after a warrantless arrest.

Defendant contends that, because the Constitution requires a probable cause determination when the government seeks to *detain* a warrantless arrestee pending further proceedings, the Rules that deal with probable cause to *arrest* must govern both situations. Defendant seeks support for his position in the Supreme Court's decision in *Giordenello v. United States,* 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958). In *Giordenello,* the Court held that the Federal Rules of Criminal Procedure

> must be read in light of the constitutional requirements they implement. The language of the Fourth Amendment ... of course applies to arrest as well as search warrants. The protection afford-

ed by these Rules, when they are viewed against their constitutional background, is that the inferences from the facts which lead to the complaint "... be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime." *Johnson v. United States,* 333 U.S. 10, 14, 68 S.Ct. 367, 92 L.Ed. 436 [ (1948) ]. The purpose of the complaint, then, is to enable the appropriate magistrate, here a Commissioner, to determine whether the "probable cause" required to support a warrant exists. The Commissioner must judge for himself the persuasiveness of the facts relied on by a complaining officer to show probable cause.

*Id.* at 485–86, 78 S.Ct. 1245 (citations omitted) (discussing an earlier version of the Rules). *Giordenello* cannot do the work Defendant attempts to assign to it, because the Court was not considering the issue that we face here.

When they apply, Rules 3 and 4 must be read "in light of the constitutional requirements they implement." *Giordenello,* 357 U.S. at 485, 78 S.Ct. 1245. But that begs the question of when they apply. The procedural rules governing the filing of a complaint do not necessarily govern the probable cause determination necessary for the government to detain a warrantless arrestee. The purpose of a complaint is to ensure that no suspect is arrested without probable cause. *Id.* at 485–86, 78 S.Ct. 1245. The purpose of a *McLaughlin* determination is to ensure that no warrantless arrestee is detained, pending further proceedings, without probable cause. 500 U.S. at 53, 111 S.Ct. 1661. Although a complaint establishing probable cause might satisfy both purposes, we can find no basis in the Rules or in *Giordenello* to conclude that it is impermissible for the government to proceed piecemeal if it so chooses.[7]

---

7. It might appear to be inefficient for the

government to seek *two* probable cause deter-

We decline to hold that a formal complaint is the only way to present evidence of probable cause to a neutral magistrate judge within 48 hours of a warrantless arrest. The Rules dealing with the swearing out of a complaint do not apply, by their terms, and the Supreme Court has not required that they apply. Having held that there is no violation of the Federal Rules of Criminal Procedure, we turn to Defendant's constitutional claim.

2. *The faxed Statement of Probable Cause satisfied the "Oath or Affirmation" Clause of the Fourth Amendment.*

 Defendant also argues that the weekend fax procedure violated his Fourth Amendment rights. Specifically, he claims that the procedure violated the Amendment's declaration that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. amend. IV. The Supreme Court held in *Gerstein* that the constitutional standard for probable cause is the same whether the government seeks to detain an arrestee pending further proceedings or to obtain

an arrest warrant. 420 U.S. at 120, 95 S.Ct. 854. Accordingly, a probable cause determination for purposes of detention pending further proceedings must be supported by an oath or affirmation.

 Defendant contends that Agent Budrewicz's faxed Statement of Probable Cause failed to satisfy the oath or affirmation requirement because it was made only "under penalty of perjury." The body of the faxed Probable Cause Statement recited the events leading to Defendant's Friday arrest. At the outset, before the recitation, the Statement read: "I, U.S. Customs Service Special Agent John M. Budrewicz, declare under penalty of perjury, the following is true and correct." After the recitation of facts appeared the notation "Executed on January 24, 2003, at 1755 hours" and Budrewicz's signature.

Defendant reasons that a statement signed under penalty of perjury cannot qualify as a statement supported by oath or affirmation. He first cites 28 U.S.C. § 1746, which differentiates between statements made under oath before specified officials and those made merely under penalty of perjury.[8] However, even if there

---

minations when the filing of a single complaint could address both probable cause to arrest and probable cause to detain. But there are some circumstances in which a bifurcated procedure makes sense. Assuming, as appears to be the case, that the federal courts in the Southern District of California are not open for business during weekends, it was *impossible* for federal agents to file a formal complaint before Monday, given the in-person requirement of Rule 3. Fed. R.Crim.P. 3. Because Monday at the start of the business day would have been more than 48 hours after Defendant's arrest, there would have been no way for the government to detain Defendant if the filing of a Rule 3 complaint were the only means of obtaining a probable cause determination.

8. Title 28 U.S.C. § 1746 provides:
Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any

matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (*other than* a deposition, or an oath of office, or *an oath required to be taken before a specified official other than a notary public*), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

. . . .

(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
(Signature)".

are circumstances in which a declaration under perjury is distinct from "an oath required to be taken before a specified official" under federal statutory law, a statement made under penalty of perjury might still satisfy the constitutional "Oath or affirmation" requirement. A statute cannot change the meaning of the Constitution. *Cf. Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177, 2 L.Ed. 60 (1803) ("It is emphatically the province and duty of the judicial department to say what the law is."). We disagree with Defendant's argument that the faxed Probable Cause Statement was constitutionally deficient because the penalty-of-perjury declaration was not an "Oath or affirmation" and because no one administered an oath to Budrewicz. Although Budrewicz's Statement was not an "oath" because it was devoid of any reference to God or a revered person or thing, we hold that the Statement qualified as an "affirmation" within the meaning of the Fourth Amendment.

An " ' "Oath or affirmation" is a formal assertion of, or attestation to, the truth of what has been, or is to be, said.' " *United States v. Brooks*, 285 F.3d 1102, 1105 (8th Cir.2002) (quoting *United States v. Turner*, 558 F.2d 46, 50 (2d Cir.1977)). *Black's Law Dictionary* 1099 (7th ed.1999), defines an oath as a "solemn declaration, accompanied by a swearing to God or a revered person or thing, that one's statement is true." Black's defines an affirmation as a "pledge equivalent to an oath but without reference to a supreme being or to 'swearing.' " *Id.* at 50; *see also Brooks*, 285 F.3d at 1105 (reciting these definitions). " '[E]ither type of pledge may subject the person making it to the penalties for perjury.' " *Id.* at 1105 (quoting *Turner*, 558 F.2d at 50).

The question whether a statement is made under oath or affirmation turns on whether the declarant expressed the fact that he or she is impressed with the solemnity and importance of his or her words and of the promise to be truthful, in moral, religious, or legal terms. The Wisconsin Supreme Court has recently provided an eloquent explanation for the role that an oath or affirmation plays in a probable cause determination:

> The purpose of an oath or affirmation is to impress upon the swearing individual an appropriate sense of obligation to tell the truth. An oath or affirmation to support a search warrant reminds both the investigator seeking the search warrant and the magistrate issuing it of the importance and solemnity of the process involved. An oath or affirmation protects the target of the search from impermissible state action by creating liability for perjury or false swearing for those who abuse the warrant process by giving false or fraudulent information. An oath preserves the integrity of the search warrant process and thus protects the constitutionally guaranteed fundamental right of people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures.

*State v. Tye*, 248 Wis.2d 530, 636 N.W.2d 473, 478 (2001) (footnotes omitted). The Second Circuit has expressed the purpose of the oath or affirmation similarly:

> An "Oath or affirmation" is a formal assertion of, or attestation to, the truth of what has been, or is to be, said. It is designed to ensure that the truth will be told by insuring that the witness or affiant will be impressed with the solemnity and importance of his words. The theory is that those who have been impressed with the moral, religious or legal significance of formally undertaking to tell the truth are more likely to do so

(Emphasis added.)

than those who have not made such an undertaking or been so impressed. *Turner*, 558 F.2d at 50.

We conclude that signing a statement under penalty of perjury satisfies the standard for an oath or affirmation, as it is a signal that the declarant understands the legal significance of the declarant's statements and the potential for punishment if the declarant lies. A leading treatise agrees and explains that the "true test" for whether a declaration is made under oath or affirmation "is whether the procedures followed were such that perjury could be charged therein if any material allegation contained therein is false." 2 Wayne R. LaFave, *Search and Seizure* § 4.3(e), at 474–75 (3d ed.1996) (internal quotation marks omitted).[9] In *Brooks*, the Eighth Circuit held that it is the *intent* of the declarant to be under oath or affirmation that matters most, noting that "[a]lmost all of the apposite cases indicate that this is the relevant inquiry because a person who manifests an intention to be under oath is in fact under oath." 285 F.3d at 1105; *Farrow v. State*, 71 Okla.Crim. 397, 112 P.2d 186, 188–90 (1941); and *Atwood v. State*, 146 Miss. 662, 111 So. 865, 866 (1927); *see also United States v. Johnson*, 641 F.2d 652, 657 (9th Cir.1981) (finding no constitutional violation where an officer provided telephonic oral testimony before the magistrate judge administered an oath or affirmation, because there was no indication that the officer's testimony would have changed if the oath had been administered earlier).

The Probable Cause Statement in this case satisfies the elements necessary for a valid affirmation. The Statement contained Agent Budrewicz's "declar[ation] under penalty of perjury" that the contents of the statement were "true and correct." Budrewicz's declaration that his statement was intended to be made under penalty of perjury ensured that he and the magistrate judge were reminded of the importance and solemnity of the process in which they were involved, and it created liability for Budrewicz if any of his statements turned out to be materially false.

Defendant's assertion that an oath or affirmation must be administered in person is equally unavailing. It has long been held that the Fourth Amendment "does not require a face-to-face confrontation between the magistrate and the affiant." LaFave, § 4.3(e), at 473 n. 56. As the Second Circuit has held:

> The moral, religious and legal significance of the undertaking remains the same whether the oath taker and the witness communicate face-to-face or over the telephone.
>
> In a ritualistic sense, it may be that an oath taken over the telephone appears less formal or less solemn than one taken in the physical presence of the oath taker. The constitutionality of oaths does not depend, however, on such purely ritualistic considerations.

*Turner*, 558 F.2d at 50. So, here, the mere fact that the Probable Cause Statement was faxed, rather than presented in person, to the magistrate judge does not violate the Fourth Amendment. *See Jones v. City of Santa Monica*, 382 F.3d 1052,

---

9. A related body of law that raises the question of what can qualify as an affirmation is Federal Rule of Evidence 603, which requires that, "[b]efore testifying, every witness shall be required to declare that the witness will testify truthfully, by oath or affirmation administered in a form calculated to awaken the witness' conscience and impress the witness'

mind with the duty to do so." The advisory committee note for Rule 603 states that an "[a]ffirmation is simply a solemn undertaking to tell the truth; no special verbal formula is required." Fed.R.Evid. 603 advisory committee's note; *see also United States v. Ward*, 989 F.2d 1015, 1019 (9th Cir.1993) (quoting the advisory committee note).

2004 WL 2047140, 2004 WL 2021285, at *3 (9th Cir. Sept. 10, 2004) (holding that a pre-printed probable-cause form sent to the magistrate judge, which requires a signed statement by the declarant under penalty of perjury that the statements that follow are true, satisfies the Fourth Amendment).

Because he gave the Statement under penalty of perjury, the declarant knew that he was making a solemn promise to the magistrate judge that all the information he was providing was true and correct. That is all the "Oath or affirmation" clause requires.

### CONCLUSION

The "weekend fax procedure" satisfied the Fourth Amendment requirement that the government obtain a judicial determination of probable cause within 48 hours of a warrantless arrest. *See McLaughlin,* 500 U.S. at 56, 111 S.Ct. 1661. Federal Rules of Criminal Procedure 3 and 4 do not apply in this case, so it was not necessary for the government to comply with their requirements. Defendant has waived all other challenges to his conviction and sentence.

AFFIRMED.