**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EUGENE DARREL RUTLEDGE,

Plaintiff - Appellant,

v.

CITY OF OAKLAND; et al.,

Defendants - Appellees.

No. 10-16702

D.C. No. 3:09-cv-04229-CRB

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted September 27, 2011[**]

Before:     SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Eugene Darrell Rutledge, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging that

defendants violated his Fourth Amendment rights when they detained him for a

six-day period as a robbery suspect before they obtained a judicial determination of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

probable cause as to the state robbery charges. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir. 2001). We affirm.

The district court properly granted summary judgment because the undisputed evidence shows that there was a valid federal warrant establishing probable cause for Rutledge's arrest and detention. *See United States v. Bueno-Vargas*, 383 F.3d 1104, 1107 (9th Cir. 2004) ("When an arrest has been made subject to a warrant, a judicial determination of probable cause has already been made as a prerequisite to obtaining the arrest warrant."); *see also John v. City of El Monte*, 515 F.3d 936, 940 (9th Cir. 2008) ("Probable cause is an objective standard and the officer's subjective intention in exercising his discretion to arrest is immaterial in judging whether his actions were reasonable for Fourth Amendment purposes."); *Kanekoa v. City and County of Honolulu*, 879 F.2d 607, 612 (9th Cir. 1989) ("The fourth amendment does not prohibit the police from investigating a suspect while the suspect is legally detained.").

The district court did not abuse its discretion in granting defendants' motion for enlargement of time to file a dispositive motion because defendants promptly submitted the motion after learning of their oversight. *See Preminger v. Peake*, 552 F.3d 757, 769 n.11 (9th Cir. 2008) (setting forth the standard of review of a

district court's decision concerning its management of litigation); *see also United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (en banc) (noting that "[d]istrict courts have inherent power to control their dockets" and that "judges exercise substantial discretion over what happens *inside* the courtroom" (citations and internal quotation marks omitted)).

The district court did not abuse its discretion in declining to enter default against defendants "[g]iven the lack of merit in appellant's substantive claims." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980) (per curiam).

Rutledge's remaining contentions are unpersuasive.

Rutledge's "Motion to Consolidate Filing and Docketing Fees" is denied.

**AFFIRMED.**