**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JONAS FARIN NOGUERA, | No. 09-73974 |
| Petitioner, | Agency No. A072-677-018 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 5, 2013
San Francisco, California

Before: REINHARDT and WATFORD, Circuit Judges, and LASNIK, District
Judge.[**]

Petitioner Jonas Farin Noguera, a native and citizen of Mexico, petitions for

review of the final order of the Board of Immigration Appeals (BIA) denying his

application for cancellation of removal. The IJ denied Noguera's application on

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Robert S. Lasnik, District Judge for the U.S. District
Court for the Western District of Washington, sitting by designation.

the basis that he filed a frivolous application for asylum under 8 U.S.C. § 1158(d)(6), but the BIA reversed the Immigration Judge's (IJ) determination on appeal. Instead, the BIA determined that Noguera was ineligible for cancellation of removal because he provided false testimony under oath, 8 U.S.C. § 1101(f)(6), and, as a result, could not demonstrate the good moral character necessary to obtaining cancellation of removal.

Whether an individual is "under oath" for the purposes of section 1101(f)(6) is a question of fact. *See In re R-S-J-*, 22 I. & N. Dec. 863, 871 (BIA 1999) (remanding to IJ for determination whether individual was under oath). In order to be "under oath," an individual must understand the meaning and effect of being "under oath." *United States v. Bueno-Vargas*, 383 F.3d 1104, 1111 (9th Cir. 2004). Despite Noguera's protests that he did not understand the meaning or effect of the oath, the IJ failed to find whether or not Noguera met that requirement.

The BIA's conclusion that Noguera could not demonstrate good moral character was based on its assumption that he was "under oath." The conclusion must, however, be based on a factual finding. The BIA does not have the authority to find such facts in the first instance. 8 C.F.R. § 1003.1(d)(3)(iv). Such a finding must be made by the IJ, and none was made here. Accordingly, we remand to the BIA with instructions to remand to the IJ to determine in the first instance whether

Noguera understood the meaning and effect of the oath. *See INS v. Orlando*

*Ventura,* 537 U.S. 12, 16–18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED.**