NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 10 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10178 |
| Plaintiff-Appellee, | D.C. No. 4:15-cr-50231-RM-LAB-1 |
| v. | |
| CESAREO GOMEZ-PEREZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Marquez, District Judge, Presiding

Argued and Submitted September 15, 2017
San Francisco, California

Before: SCHROEDER and FRIEDLAND, Circuit Judges, and WHALEY,**
District Judge.

Cesareo Gomez-Perez appeals the district court's judgment revoking his

supervised release and the sentence imposed upon revocation.[1]

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

[1] Appellant's motion to take judicial notice (Dkt. No. 46) is **DENIED**. Appellee's motion to take judicial notice (Dkt. No. 29) is **GRANTED**.

1.	A district court retains jurisdiction to revoke supervised release even after a term of supervised release has expired if (1) a valid warrant or summons was issued within the supervision period and (2) the delay between the end of the term of supervised release and the district court's revocation order is reasonably necessary for the adjudication of matters arising before the term's expiration. 18 U.S.C. § 3583(i).

In the case at hand, the warrant application, which set forth the facts surrounding Defendant's violations and was signed under the penalty of perjury, was not legally defective. *United States v. Bueno-Vargas*, 383 F.3d 1104, 1111 (9th Cir. 2004) ("signing a statement under penalty of perjury satisfies the standard for an oath or affirmation" required by the Fourth Amendment). Accordingly, a valid arrest warrant was issued prior to the end of Defendant's term of supervised release. 18 U.S.C. § 3583(i).

Furthermore, the delay between expiration and revocation was reasonably necessary under 18 U.S.C. § 3583(i) to adjudicate Defendant's underlying drug charges. *See United States v. Morales-Isabarras*, 745 F.3d 398, 402–03 (9th Cir. 2014) ("[W]hen the outcome of an ongoing criminal proceeding is directly related to the issue of whether the defendant violated a condition of supervised release, it is 'reasonably necessary' to delay proceedings on the supervised release violation pending resolution of the underlying criminal charge.").

Thus, the district court retained jurisdiction to revoke Defendant's supervised release under 18 U.S.C. § 3583(i).

2.      Defendant argues that the district court committed procedural error by failing to explain the sentence imposed for the supervised release violations sufficiently to permit meaningful appellate review, and by considering an impermissible sentencing factor.

No objection to the sentence was made at sentencing, thus the decision is reviewed for plain error. *United States v. Miqbel*, 444 F.3d 1173, 1176 (9th Cir. 2006). Given the straightforward arguments before the district judge, the law does not require her to write more extensively. *See Rita v. United States,* 551 U.S. 338, 356–59 (2007); *United States v. Carter,* 560 F.3d 1107, 1117–18 (9th Cir. 2009); *United States v. Carty*, 520 F.3d 984, 992–96 (9th Cir. 2008) (en banc).

Furthermore, the record is clear that Defendant received a sentence for his supervised release violations that is separate and distinct from the sentenced imposed for the new charges and the record does not demonstrate that improper considerations were taken into account when imposing the supervised release violation sentence. *See* 18 U.S.C. § 3583(e).

The district court did not commit procedural error when it sentenced Defendant for his supervised release violations.

**AFFIRMED.**