**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10242 |
| Plaintiff-Appellee, | D.C. Nos.<br>3:19-cr-00041-MMD-WGC-1<br>3:19-cr-00041-MMD-WGC |
| v. | |
| BENJAMIN D. MORROW, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted April 19, 2023
San Francisco, California

Before: SCHROEDER, CALLAHAN, and BUMATAY, Circuit Judges.

Benjamin D. Morrow appeals the district court's denial of his suppression motion and the restitution order following his conditional guilty plea to two counts of distribution of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1).

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Morrow first challenges the validity of the search warrant on the ground that it was not supported by an oath or affirmation. It was executed under penalty of perjury, however, and was therefore supported by the requisite commitment to truth. *See United States v. Bueno-Vargas*, 383 F.3d 1104, 1109–12 (9th Cir. 2004).

Morrow next argues the warrant was not supported by probable cause. He contends that there was an insufficient basis to link Morrow to the incriminating communications. The district court found that the warrant affidavit sufficiently established that the three accounts used to communicate with law enforcement about child exploitation were operated by the same person, thus establishing a substantial basis for the probable cause determination.

Morrow further contends there was insufficient justification for a nighttime search. *See* Fed. R. Crim. P. 41. The evidence was inconsistent to the extent the affidavit said that Morrow "may be currently sexually assaulting the juvenile" and later included a message from Morrow that his niece was coming "this week sometime not sure what day yet." However, the district court held a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 171–72 (1978), and concluded there was no omission of material information. Even if we were to disagree with the district court on that question, there is no basis to disturb the district court's findings of good faith on the part of the government, *United States v. Mendonsa*,

2

989 F.2d 366, 369–70 (9th Cir. 1993), or Morrow's lack of prejudice. *See United States v. Stefanson*, 648 F.2d 1231, 1235–36 (9th Cir. 1981).

Finally, Morrow argues that the district court improperly ordered him to pay restitution to victims of conduct that he admitted in his plea agreement, but whose victimization was embodied in criminal charges the government dismissed. Morrow's plea agreement, however, explicitly stipulated that Morrow would pay $3,000 per victim identified through the Child Victim Identification Program or Child Recognition Identification System, and who requested restitution prior to sentencing.

**AFFIRMED.**