**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIEL C. AGUILAR,

        Plaintiff - Appellant,

    v.

CHARLES WYNN, Chief of Police at
Chino Valley Police Department; JON
SZYMANSKI; JEFF PIZZI,

        Defendants - Appellees.

No. 24-5464

D.C. No. 3:22-cv-08185-JAT-MTM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted March 16, 2026[**]

Before:     SILVERMAN, NGUYEN, and HURWITZ, Circuit Judges.

Daniel C. Aguilar appeals pro se from the district court's summary judgment

in his 42 U.S.C. § 1983 action alleging Fourth Amendment claims. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Desire, LLC v. Manna*

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir. 2021). We affirm.

The district court properly granted summary to defendant Szymanski because Aguilar failed to raise a genuine dispute of material fact as to whether Szymanski requested an arrest warrant or deliberately or recklessly made false statements or omissions in doing so. *See Smith v. Almada*, 640 F.3d 931, 937 (9th Cir. 2011) (explaining that "[t]o maintain a false arrest claim for judicial deception, a plaintiff must show that *the officer who applied for the arrest warrant* deliberately or recklessly made false statements or omissions that were material to the finding of probable cause" (emphasis added) (citation and internal quotation marks omitted)).

The district court properly granted summary judgment to defendant Pizzi because Aguilar failed to raise a triable dispute as to whether there was no probable cause to arrest him despite the fact that there was a valid arrest warrant. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (explaining that to prevail on a Fourth Amendment claim for false arrest, the plaintiff must demonstrate there was no probable cause to arrest him); *see also United States v. Bueno-Vargas*, 383 F.3d 1104, 1107 (9th Cir. 2004) (explaining that "[w]hen an arrest has been made subject to a warrant, a judicial determination of probable cause has already been made as a prerequisite to obtaining the arrest warrant").

The district court properly granted summary judgment to defendant Wynn because Aguilar failed to raise a triable dispute as to whether Wynn participated in or caused any constitutional violation. *See Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (explaining that a supervisory official is liable under § 1983 if "there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Appellees' request for attorney's fees and costs, set forth in the answering brief, is denied without prejudice. *See* Fed. R. App. P. 38 (requiring a separate motion for fees and costs); *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 828 (9th Cir. 2009) (explaining that a request made in an appellate brief does not satisfy Rule 38).

**AFFIRMED.**

24-5464