Atwood *v.* State*

(In Banc. March 14, 1927. Suggestion of Error Overruled April 11, 1927).

[111 So. 865. No. 26122.]

1. Oath. *"Oath" is appeal to God by affiant to witness truth of what he swears.*

"Oath" is an appeal to God by the affiant, when taking the oath, to witness truth of what he swears, and an imprecation that Divine vengeance be visited on him if his oath be false.

2. OATH. *Performance of some corporal act by affiant, after being informed that statement must be sworn to, constitutes an "oath."*

   Whenever attention of affiant is called to fact that his statement is not mere assertion, but must be sworn to, and he is then called on to do some corporal act, and does it, it constitutes "oath," and it is not necessary that affiant hold up his hand when taking oath.

3. SEARCHES AND SEIZURES. *Signing affidavit by affiant in presence of justice affixing jurat thereto held to constitute necessary "oath" for affidavit for search warrant (Constitution, section 23).*

   Where affiant, going to justice of the peace for purpose of obtaining search warrant, and justice did what they both considered proper for administration of oath, in that affiant, in presence of the justice, signed affidavit, and justice thereupon affixed his jurat thereto, and issued search warrant in proper form, affiant will be held to have taken necessary oath required under Constitution, section 23.

4. INTOXICATING LIQUORS. *Sentence of two hundred and fifty dollars and ninety days' imprisonment for ' possessing intoxicating liquor held excessive.*

   Sentence consisting of two hundred and fifty dollars fine and ninety days' imprisonment for crime of possessing intoxicating liquor *held* excessive.

   ETHRIDGE, J., dissenting.

---

*Corpus Juris-Cyc References: Intoxicating Liquors, 33CJ, p. 677, n. 23; p. 797, n. 39; Oath, 29Cyc, p. 1297, n. 1, 2, 3; p. 1298, n. 4, 5; p. 1304, n. 47; Perjury, 30Cyc, p. 1417, n. 41; Searches and Seizures, 35Cyc, p. 1266, n. 13. As to form and sufficiency of "oath," see 20 R. C. L. 508.

APPEAL from circuit court of Lamar county.

HON. J. Q. LANGSTON, Judge.

R. F. Atwood was convicted of possessing intoxicating liquor, and he appeals. Affirmed in part, and in part reversed and remanded.

*Broadus & Broadus,* for appellant.

It is the contention of the appellant that this pretended affidavit and search warrant were null and void, that the search and seizure were illegal and unauthorized, and the

evidence procured by said search wholly inadmissible. Section 23 of the constitution provides that no warrant shall be issued without probable cause, supported by oath or affirmation. Can it be said that the state complied with this provision of the constitution in this case in regard to the "probable cause" or to that clause which requires the warrant to issue only upon "oath or affirmation."

*Borders* v. *State,* 104 So. 145, was affirmed only because the officer who procured the search warrant expressed doubt as to whether the affidavit was sworn to or not. In the case at bar we have no such state of facts, both the officer who procured the search warrant and the justice of the peace who issued it state positively that no oath was administered. See, also, *Husbands* v. *State,* 62 So. 418; *Carlisle* v. *Gunn,* 8 So. 743; *Britt* v. *Davis,* 60 S. E. 180, 24 R. C. L. at page 707; *Appling* v. *State,* 95 Ark. 185, 28 L. R. A. (N. S.) 548.

Issuing a search warrant is a judicial function and a justice of the peace is not authorized to issue a search warrant until the proper showing for same has been made and he has exercised his own judgment as to the credibility of the affiant and the sufficiency of the affidavit. See *City of Jackson* v. *Howard,* 99 So. 497; *Loab* v. *State,* 98 So. 448.

*Rufus Creekmore,* Special Assistant Attorney-General, for the state.

Counsel in their brief urge that the evidence obtained by reason of this search warrant is inadmissible because of the fact that the warrant itself is void because not supported by the proper affidavit. In support of this argument they cite *Borders* v. *State,* 138 Miss. 788, 104 So. 145. In that case the court held that while it was true that the administering of an oath to the officer making affidavit for a search warrant was necessary for the validity of the warrant, yet the presumption of the truth

recitals in official records could not be overturned by uncertain evidence. In this case the affidavit and the warrant are both in regular form; the affidavit is signed by the officer making the oath and the jurat of the justice of the peace is affixed thereto; and the search warrant itself recites in the body thereof that the officer signing the affidavit had made complaint on oath before the said justice of the peace. On the facts here, the Borders case is controlling. See, also, *Ella Hendrix* v. *State,* 109 So. 263.

The propositions with which we are now confronted are "what is an oath?" and whether or not "in this particular case there was an oath." For definitions of an oath, see 20 R. C. L., page 504, section 1; 20 R. C. L., page 508, section 4; *Dunlap* v. *Clay,* 65 Miss. 454; *McCain* v. *Bonner,* 122 Ga. 842, 51 L. Ed. 36. The case most nearly like the case at bar on its facts is *State* v. *Madigan,* 57 Minn. 425, 59 N. W. 490. See, also, 2 C. J., page 338, section 49.

Some courts also lay down the rule that while a large liberty is given to the form of the oath, yet some form remains essential; something must be present; some unequivocal act must be done to distinguish between the oath and the bare assertion, and that act must be clothed in such form as to characterize and evidence it as an oath. 20 R. C. L., page 508, section 4; 1 R. C. L., page 765, section 8.

Following this principle that there must be some unequivocal act to constitute a valid oath, courts of at least two jurisdictions have held that the mere presentation of an affidavit already signed by the affiant and the affixing of the jurat of the officer thereto is not of itself sufficient to constitute an oath. The first of these cases is *O'Reilly* v. *People,* 86 N. Y. 154, 40 Am. Rep. 525. This case was followed and cited with approval in the Alabama case of *Goolsby* v. *State,* 86 So. 137, on a statement of facts which was very similar. A very interesting and instructive note on this proposition will be found appended to *Currie* v. *Rex,* Ann. Cas. 1914B 591 at 595.

How then will the application of the rule laid down in the above cases affect the decision in the case at bar? In the instant case the affiant did not hold up his hand to be sworn, but that it is unnecessary for this to be done in order to constitute a valid oath is settled beyond cavil by the foregoing authorities.

Our next proposition then is whether there was some unequivocal act on the art of the affiant signifying his intention to take the oath and whether both the affiant and the justice of the peace understood and recognized that they were doing that which was necessary to complete the oath. The record shows that the affiant came to the justice of the peace for the avowed purpose of obtaining a search warrant and the justice of the peace knew that he had come for that purpose. Both of them knew that an oath was necessary to be administered before the warrant could be issued and with that knowledge they then did what they considered proper for the administration of the oath.

We submit, therefore, that this oath was properly administered; that both of the parties understood that they were administering an oath; and the affiant by signing the affidavit in the presence of the justice of the peace performed that unequivocal act which is necessary to signify that he did take upon himself the obligation of the oath.

ANDERSON, J., delivered the opinion of the court.

Appellant was indicted and convicted in the circuit court of Lamar county of the crime of possessing intoxicating liquor, and fined two hundred fifty dollars, and sentenced to ninety days' imprisonment. From that judgment appellant prosecutes this appeal.

The intoxicating liquor, for the possession of which appellant was convicted, was discovered in the possession of appellant, and seized by the sheriff of Lamar county by virtue of a search warrant theretofore ob-

tained by him for that purpose. The evidence of the guilt of appellant was obtained by virtue of such search and seizure; and, if the search and seizure were unauthorized by law, the evidence should have been excluded. The principal question in the case is whether or not the search warrant was supported by the required affidavit under section 23 of the Constitution, which provides, among other things, that "no search warrant shall be issued without probable cause, supported by oath or affirmation, specially designating the place to be searched."

The affidavit for the search warrant was signed by the affiant in the presence of a justice of the peace for the purpose of obtaining such warrant. It is true that the justice of the peace did not require the affiant to hold up his hand to be sworn, nor was there any formal oral administration of the oath to the affiant by the justice of the peace; but the evidence shows, without conflict, that both the affiant and the justice of the peace knew and realized that an oath was necessary before a search warrant could be obtained, and they considered what was done at the time the oath was signed by the affiant and the warrant issued by the justice of the peace to be sufficient in law to constitute an oath. The justice of the peace, in his testimony, stated that he did not have the affiant hold up his hand and be sworn, because he did not think it was necessary, and that it was not customary for him to do so in such a case; that the signing of the affidavit by the affiant and the affixing of the jurat by him was "just like acknowledging a land deed." In short, the evidence shows that the person making the affidavit for the search warrant went to the justice of the peace, and told him that he wanted to make the necessary affidavit for the search warrant that was afterwards issued. The affidavit was thereupon prepared, the affiant signed it in the presence of the justice of the peace, and the latter affixed his jurat thereto. Both of them understood, without anything being said to that

effect, that the affiant was making the necessary affidavit to obtain the search warrant.

Appellant contends, under the authority of *Borders* v. *State,* 138 Miss. 788, 104 So. 145, that the affidavit and search warrant in question were void, because the justice of the peace failed to administer to the affiant, in some oral form, the required oath to the affidavit. In that case it was contended by appellant, and in -effect conceded by the attorney-general, that such a formal oath was necessary, and, in deciding the case, the court so assumed. The court held that the evidence in that case was insufficient to show that the formal oral oath had not been administered to the affiant seeking the search warrant; that, where the affidavit and the jurat of the officer taking the oath of the person making the affidavit appeared regular, a recital in the affidavit that the necessary oath was administered in order to obtain the search warrant could not be overturned by the uncertain testimony of the person making the affidavit to the effect that he was doubtful as to whether the oath had been formally administered to him or not, but that his best recollection was that it had not been; that the presumption of the truth of such a recital in an official record could not be overturned by such uncertain evidence. The question here involved was not considered and decided in that case.

What is an oath, and how is it made? The authorities state what constitutes an oath in varying language, but they are in substantial agreement that an oath is an outward pledge given by the person taking it that his attestation is made under an impending sense of his responsibility to God; that the affiant believes in the existence of a God who will visit punishment upon him if he swears falsely as to the alleged fact. It is an appeal to God by the affiant, when taking the oath, to witness the truth of what he swears, and an imprecation that Divine vengeance be visited upon him if his oath be false. Bouvier's Law Dictionary, 2388; 20 R. C. L. 504, section 1.

The form of the oath is immaterial so long as it appeals to the conscience of the party making it, and binds him to speak the truth. Whenever the attention of the affiant is called to the fact that his statement is not mere assertion, but must be sworn to, and he is then called upon to do some corporal act, and does it, this is sufficient to constitute an oath. It is not necessary to have the affiant hold up his hand when taking the oath. 20 R. C. L. 508, section 4; *Dunlap* v. *Clay,* 65 Miss. 454, 4 So. 118. In the case of *Dunlap* v. *Clay,* the question was as to the sufficiency of the oath to an affidavit for attachment. The affidavit was read to the affiant in the presence of the justice of the peace, and the affiant then stated to the justice of the peace that he swore to the same. The affiant did not sign the affidavit, nor did he hold up his hand to be sworn, nor was the jurat to the affidavit signed by the justice of the peace. The court held that the affidavit had been properly sworn to; that both the affiant and the official before whom the affidavit was made understood that what was done was all that was necessary to complete the oath. The court said that what was done "was sufficiently formal." In the case of *McCain* v. *Bonner,* 122 Ga. 842, 51 S. E. 36, there was involved the validity of an oath where the affiant presented to the magistrate an affidavit which he had already signed, and told the magistrate that he wished to swear to the facts therein stated. The magistrate, understanding that it was the affiant's intention to swear to the facts set out in the affidavit, thereupon affixed his jurat thereto. The court said that it was not essential that the affiant should hold up his hand and swear in order to make his act an oath, but it was sufficient if both the affiant and the officer understood what was done was all that was necessary to complete the oath. In the case of *State* v. *Madigan,* 57 Minn. 425, 59 N. W. 490, a like question was involved. The defendant was indicted for perjury. The question was whether or not he had on the occasion in question taken an oath. An affidavit for attachment was signed

by the defendant and presented to the county commissioner for the purpose of obtaining a writ of attachment. When the affidavit was presented to the commissioner, he said: "Is that your signature?" to which question the defendant replied, "Yes." Whereupon the commissioner affixed thereto his jurat and seal of office, and issued the writ of attachment. The court held that what occurred was sufficient to show that the defendant actually took the oath necessary to obtain the writ. It is true that some unequivocal act must be done to distinguish between an oath and a bare assertion; an act clothed in such form as to characterize and evidence it as an oath. 20 R. C. L. 508, section 4. Was what occurred in the present case between affiant and the justice of the peace such an unequivocal act? We think it was. The affiant went to the justice of the peace for the avowed purpose of obtaining a search warrant, and the justice of the peace knew that he came for that purpose. Both of them knew that an oath was necessary to be administered before the warrant could be issued, and with that knowledge each of them did what he considered proper for the administration of the oath. The affiant, in the presence of the justice of the peace, signed the affidavit; the justice of the peace thereupon affixed his jurat thereto, and issued the search warrant in proper form. Although not a word was said by either in reference to an oath, they both knew an oath was necessary, and both intended that the necessary thing should be done in order to obtain the search warrant. We think, by construction, what occurred amounted to the taking of the necessary oath by the affiant. One may speak as plainly and effectually by his acts and conduct as he can by word of mouth. It follows from these views that the trial court committed no error in admitting the evidence obtained by the search warrant.

The case must be reversed, however, and sent back to the trial court alone for a new sentence. The sentence was excessive. *Buford* v. *State,* No. 25764, 111 So.

850, handed down the 21st day of February, 1927. In all other respects the judgment is affirmed.

*Affirmed in part, and reversed and remanded in part.*

ETHRIDGE, J. (dissenting).

I think the present decision is in conflict with *Carlisle* v. *Gunn,* 68 Miss. 243, 8 So. 743. If there is a line of demarcation, it is exceedingly dim. I think that the administering of an oath with all the impressiveness of formality is a much safer practice than merely the signing of a person's name to a paper.

The mischief growing out of the practice of an affiant and an officer merely signing their names to a writing is well illustrated in *Case* v. *People,* 76 N. Y. 242, where affiant signed his name to a paper and sent it by a servant to a notary public, who signed same, treating it as an affidavit, which the court held to be insufficient.

There are many people to whom the solemnity of formally calling upon God to witness the truth is more effective than it seems to be considered in the majority opinion. Many people make a marked distinction between signing a paper containing a statement and calling upon Deity to witness that they are telling the truth under the penalty of Divine condemnation should they testify falsely. The law proceeds upon the theory, in requiring sworn testimony and sworn affidavits, that the invoking of Deity as a witness appeals to the conscience more strongly than a mere statement or asseveration. Many valuable rights depend upon this searching of the conscience of the witness. See 30 Cyc. 1417; 22 Am. & Eng. Ency. of Law, 783; *Sloan* v. *State,* 71 Miss. 459, 14 So. 262; *Markey* v. *State,* 47 Fla. 38, 37 So. 53; *O'Reilly* v. *People,* 86 N. Y. 154; 40 Am. Rep. 525; *Green* v. *Boon,* 57 Miss. 617.