COURT OF APPEALS
DECISION
DATED AND FILED

June 24, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP2184-CR**

Cir. Ct. No. **2017CF515**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JEFFREY L. MOESER,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Portage County: ROBERT J. SHANNON, Judge. *Affirmed and cause remanded with directions.*

Before Fitzpatrick, P.J., Kloppenburg, and Nashold, JJ.

¶1 NASHOLD, J. Jeffrey Moeser appeals a judgment convicting him of operating while intoxicated, sixth offense. *See* WIS. STAT. § 346.63(1)(a)

(2019-20).[1] He contends that the results from chemical testing of his blood should have been suppressed because the affidavit in support of the search warrant authorizing the blood draw was not sworn to under oath by the affiant police officer, in violation of the United States and Wisconsin constitutions. We conclude that the affidavit satisfied the requirement that search warrants be supported by oath or affirmation, and therefore affirm.

## BACKGROUND

¶2    The following facts are undisputed. Jeffrey Moeser was arrested by Sergeant Steve Brown for operating while intoxicated (OWI), sixth offense, in October 2017. Brown transported Moeser to a hospital where Moeser refused to comply with a blood draw, causing Brown to seek a search warrant. In Brown's presence, Lieutenant Jacob Wills, a notary public, notarized Brown's affidavit in support of the search warrant.

¶3    As germane to this appeal, the affidavit contained the following statements and characteristics. At the top of the affidavit, Brown wrote his name on a blank space preceding the phrase, "being first duly sworn on oath, deposes and says:" In the affidavit's second paragraph, Brown stated, "I have personal knowledge that the contents of this affidavit are true and that any observations or conclusions of fellow officers referenced in this affidavit are truthful and reliable." Near the bottom of the affidavit, Brown dated and signed the affidavit, and he indicated that the affidavit was made at the hospital. His signature appears

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

immediately above a jurat[2] that reads, "Subscribed and sworn to before me." Wills dated and signed the jurat, and he affixed his notary seal.

¶4 Wills presented the completed warrant to the on-call court commissioner, who authorized the warrant. It is undisputed that Brown made no oral statement supporting the truth of the contents of the affidavit, either while signing the affidavit in the presence of Wills or before the court commissioner.

¶5 Moeser's blood was drawn and the results from the blood test showed a blood alcohol concentration of 0.220 g/100mL. The State charged Moeser with OWI, sixth offense, and operating with prohibited alcohol concentration, sixth offense.

¶6 Moeser filed a motion to suppress the blood test results, arguing that the warrant did not satisfy constitutional requirements because, according to Moeser, Brown was not placed under oath regarding the statements made in his affidavit. Referencing an audio recording[3] taken at the hospital, Moeser noted that Brown never orally swore under oath that the allegations contained in the affidavit were true.

---

[2] "'Jurat' is the traditional name used to refer to the notary's written certificate, which should appear after the signature of a person who has given an oath, or has made a sworn statement." WISCONSIN DEP'T OF FINANCIAL INSTITUTIONS, NOTARY PUBLIC INFORMATION 9 (May 2020), available at https://wdfi.org/Apostilles_Notary_Public_and_Trademarks/pdf/dfi-not-102P.pdf (last visited June 9, 2021); *see also Estate of Hopgood v. Boyd*, 2013 WI 1, ¶4 n.4, 345 Wis. 2d 65, 825 N.W.2d 273 (relying on Wisconsin Department of Financial Institution's definition of "jurat").

[3] This recording is not part of the appellate record.

¶7     Wills subsequently completed a supplemental report describing his recollections regarding having notarized Sergeant Brown's affidavit. The report contains the following statement:

> Sgt. Brown completed the Affidavit. I observed Sgt. Brown sign the Affidavit. I notarized Sgt. Brown's signature certifying his true and accurate identity.… Following the established procedure for obtaining an OWI search warrant, I did not administer an oath, nor did Sgt. Brown swear to me the facts contained in the Affidavit.[4]

¶8     The State filed a response to Moeser's motion, with Wills' supplemental report attached. The State argued that the affidavit was sworn or affirmed because language in the affidavit showed Brown's clearly manifested intention to be under oath. With respect to Wills' statement that he acted in accordance with "established procedure," the State responded,

> This office has confirmed that, indeed, this was the "established policy" of the Portage County Sheriff[']s Office. The State concedes this policy was erroneous. All law enforcement agencies in Portage County have been reminded that the better practice is to administer an oral oath upon signing the affidavit in support of a search warrant.[5]

---

[4] In making this statement, Wills appears to be referring to an *oral* oath or swearing. Regardless, to the extent Wills is suggesting that no oath or affirmation took place at all, neither the State nor this court is bound by Wills' conclusion. The question of whether Brown's affidavit satisfied the oath or affirmation requirement is a legal determination to be decided by the court.

[5] Despite our conclusion explained below that the warrant issued in this case was supported by an oath or affirmation, we express our strong agreement with the statement that the "better practice" is for the notary to administer an oral oath or affirmation prior to obtaining the affiant's signature on the affidavit in support of a search warrant, or, alternatively, for the circuit court judge or commissioner to require the officer to verbally swear to the contents of the affidavit before issuing the warrant. *See State v. Johnson*, No. 2019AP1398-CR, unpublished slip op. ¶33 (WI App Sept. 9, 2020) ("[W]e note that although the validity of an oath or affirmation is a 'matter of substance, not form,' we consider the better practice for all parties involved in the search warrant application process is to utilize the directory methods of administering an oath or affirmation that our legislature has provided in WIS. STAT. § 906.03(2)

(continued)

¶9     Following a hearing on stipulated facts, the circuit court rejected Moeser's argument that the warrant was constitutionally infirm because Brown never recited an oral oath.  The court determined that "the language in the affidavit indicates to the Court that Sergeant Brown swore to the truth of the information provided in the affidavit."  The court distinguished authority upon which Moeser relied[6] and, citing *United States v. Brooks*, 285 F.3d 1102, 1105 (8th Cir. 2002), the court determined that the warrant was not defective because "Sergeant Brown did realize that he was swearing to the truth of what he indicated in his affidavit." The court denied the motion to suppress the blood draw.

¶10     At a subsequent plea and sentencing hearing, Moeser pleaded guilty to sixth offense OWI.  The circuit court withheld sentence and placed Moeser on probation for three years with various conditions, but stayed the sentence pending this appeal.

## DISCUSSION

¶11     Moeser does not dispute that the information in the affidavit establishes probable cause for the search warrant.  Rather, Moeser argues[7] that the

---

and (3).… [H]owever, the failure to do so in this case did not invalidate the search warrant." (quoting *State v. Tye*, 2001 WI 124, ¶19, 248 Wis. 2d 530, 636 N.W.2d 473)); *see also United States v. Brooks*, 285 F.3d 1102, 1106 (8th Cir. 2002) (holding that "a person may be under oath even though that person has not formally taken an oath by raising a hand and reciting formulaic words" but noting that "the better practice is for an affiant orally to affirm or swear before a person authorized to administer oaths.").

[6] As he does on appeal, in the circuit court Moeser relied on *Tye* and *State v. Hess*, 2010 WI 82, 327 Wis. 2d 524, 785 N.W.2d 568, which we discuss later in this opinion.

[7] WISCONSIN STAT. RULE 809.19(8)(c)(1) provides that a party's statement of the case should be included in the word count required by RULE 809.19(8)(d).  Moeser's brief-in-chief does not include the statement of the case in the word count, nor was his electronic brief provided in a text-searchable format, as required by RULE 809.19(12)(c), so that we may easily verify the word count.  Because the brief as a whole does not exceed the word limit set forth by RULE

(continued)

affidavit was defective because it was not "sworn to" by Brown. Specifically, he contends that the affidavit was not "sworn to" because Brown was never "placed under oath nor did he orally swear that the contents in the affidavit were true to the best of his knowledge." The State responds that the oath or affirmation requirement was satisfied because Brown actually or constructively swore to or affirmed the facts in the affidavit. It argues that the oath or affirmation requirement was met because the circumstances surrounding the search warrant application impressed upon Brown the importance of telling the truth when he supplied facts to the court commissioner. As we explain below, we conclude that, under the specific facts of this case, the oath or affirmation requirement is satisfied.[8]

---

809.19(8)(c)(1), we consider the brief in its entirety, but we remind counsel that we expect full compliance with the rules of appellate procedure, including RULE 809.19(8)(d).

[8] Despite the State's argument that the officers' actions in this case satisfied the oath or affirmation requirement, the dissent states at several points that it is "undisputed" that the officer seeking the warrant did not make an oath or affirmation as to the truthfulness of the affidavit before either the notary or the court commissioner. Dissent, ¶¶1-3, 10. In fact, whether an oath or affirmation occurred is not only disputed in this case, it is the *only* issue in dispute on appeal.

The dissent's statement appears to reflect its conclusion that an "oath or affirmation" necessarily means that the affiant has made an oral declaration regarding the truth of the affidavit. It appears that, under the dissent's view, a written act cannot suffice, even where, as here: (1) the affiant wrote his name preceding the phrase, "being first duly sworn on oath, deposes and says"; (2) the affiant stated in the body of the affidavit, "I have personal knowledge that the contents of this affidavit are true and that any observations or conclusions of fellow officers referenced in this affidavit are truthful and reliable"; (3) the affiant signed and dated the affidavit; (4) the affiant completed these actions in the presence of the notary; (5) the affiant's signature appears immediately above the notary's jurat that states, "Subscribed and sworn to before me"; (6) the notary dated and signed the jurat; and (7) the notary affixed his notary seal.

6

### I. Standard of Review and Legal Principles
### Governing Oaths and Affirmations

¶12 In reviewing the denial of a motion to suppress, we will uphold the circuit court's findings of fact unless they are clearly erroneous, but we will review de novo the circuit court's application of constitutional principles to those facts. *State v. Sykes*, 2005 WI 48, ¶12, 279 Wis. 2d 742, 695 N.W.2d 277.

¶13 The Fourth Amendment to the United States Constitution provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." Similarly, Article I, Section 11 of the Wisconsin Constitution states that "no warrant shall issue but upon probable cause, supported by oath or affirmation." "The Wisconsin state constitutional oath provision has been reinforced by legislation," specifically, WIS. STAT. § 968.12. *State v. Tye*, 2001 WI 124, ¶11, 248 Wis. 2d 530, 636 N.W.2d 473. Pursuant to this statutory provision, a search warrant may be based either "upon sworn oral testimony communicated to the judge by telephone, radio or other means of electronic communication," § 968.12(3)(a), or "upon affidavit," § 968.12(2). The warrant upon affidavit subsection provides, in pertinent part:

> (2) WARRANT UPON AFFIDAVIT. A search warrant may be based upon sworn complaint or affidavit ... showing probable cause therefor. The complaint, affidavit or testimony may be upon information and belief. The person requesting the warrant may swear to the complaint or affidavit before a notarial officer authorized under ch. 140 to take acknowledgments or before a judge, or a judge may place a person under oath via telephone, radio, or other means of electronic communication, without the requirement of face-to-face contact, to swear to the complaint or affidavit. The judge shall indicate on the

7

> search warrant that the person so swore to the complaint or affidavit.[9]

Sec. 968.12(2).

¶14 The terms "oath" and "affirmation"[10] are not defined in the United States or Wisconsin constitutions, nor are the terms defined in Wisconsin statutes. WISCONSIN STAT. § 887.03, included in the chapter, "Depositions, Oaths and Affidavits," broadly provides that an oath or affidavit "may be taken in any of the usual forms, and every person swearing, affirming or declaring in any such form shall be deemed to have been lawfully sworn." However, that section does not define the terms "swearing" or "affirming," nor does it describe what is meant by "the usual forms." WISCONSIN STAT. § 906.03, entitled, "Oath or affirmation," sheds some light on what "usual forms" an oath or affirmation may take, at least in the context of testimony by witnesses in court proceedings. Section 906.03 provides:

> Oath or affirmation.
>
> (1) Before testifying, every witness shall be required to declare that the witness will testify truthfully, by oath or affirmation administered in a form calculated to awaken the witness's conscience and impress the witness's mind with the witness's duty to do so.
>
> (2) The oath may be administered substantially in the following form: Do you solemnly swear that the

---

[9] Effective April 11, 2018, WIS. STAT. § 968.12(2) was amended to include the last two sentences of this provision. 2017 Wis. Act 261, § 11m. The events leading to this appeal occurred prior to the stated effective date of this amendment. The State nonetheless relies on the new language in § 968.12(2) in its briefing to this court without addressing retroactivity, and Moeser does not challenge the application of the amendment. We note that the outcome of this case is the same regardless of whether the amendment applies.

[10] WISCONSIN STAT. § 990.01(24) provides that "'oath' includes affirmation in all cases where by law an affirmation may be substituted for an oath."

testimony you shall give in this matter shall be the truth, the whole truth and nothing but the truth, so help you God.

(3) Every person who shall declare that the person has conscientious scruples against taking the oath, or swearing in the usual form, shall make a solemn declaration or affirmation, which may be in the following form: Do you solemnly, sincerely and truly declare and affirm that the testimony you shall give in this matter shall be the truth, the whole truth and nothing but the truth; and this you do under the pains and penalties of perjury.

(4) The assent to the oath or affirmation by the person making it may be manifested by the uplifted hand.

¶15 In addition, we note that Black's Law Dictionary defines "oath" as "[a] solemn declaration, accompanied by a swearing to God or a revered person or thing, that one's statement is true or that one will be bound to a promise," while "affirmation" is defined as "[a] solemn pledge equivalent to an oath but without reference to a supreme being or to swearing." BLACK'S LAW DICTIONARY (11th ed. 2019).

¶16 An oath or affirmation "is a matter of substance, not form, and it is an essential component of the Fourth Amendment and legal proceedings." *Tye*, 248 Wis. 2d 530, ¶19. "The purpose of an oath or affirmation is to impress upon the swearing individual an appropriate sense of obligation to tell the truth." *Id.* (citing *Kellner v. Christian*, 197 Wis. 2d 183, 192, 539 N.W.2d 685(1995)). "An oath or affirmation to support a search warrant reminds both the investigator seeking the search warrant and the magistrate issuing it of the importance and solemnity of the process involved." *Tye*, 248 Wis. 2d 530, ¶19. It "protects the target of the search from impermissible state action by creating liability for perjury or false swearing for those who abuse the warrant process by giving false or fraudulent information." *Id.* (footnotes omitted). "[W]hen no sworn testimony exists to support a search warrant, then the warrant is void." *Id.* at ¶13.

9

## II. Application of Legal Principles to the Affidavit
## and Warrant In This Case

¶17    Moeser argues that the Brown affidavit notarized by Lieutenant Wills did not satisfy our federal and state constitutions' oath or affirmation requirements because it did not comply with the procedures for administering an oath or affirmation set forth in WIS. STAT. § 906.03.  We disagree.

¶18    First, Moeser cites no authority for the position that the procedures outlined in WIS. STAT. § 906.03, a statute governing witness testimony at court proceedings, governs the oath or affirmation requirement in the context of an affidavit for a search warrant.  Moreover, even if we were to assume that these statutory procedures apply here, the subsections of the statute containing the procedures that Moeser argues are mandatory all use the word "may," indicating that the directives are permissive and not mandatory.  *See City of Wauwatosa v. County of Milwaukee*, 22 Wis. 2d 184, 191, 125 N.W.2d 386 (1963) ("Generally in construing statutes, 'may' is construed as permissive and 'shall' is construed as mandatory unless a different construction is demanded by the statute in order to carry out the clear intent of the legislature.").  Specifically, subsections (2) and (3) propose a form that an oath or affidavit *may* take, and subsection (4) indicates that the person *may* manifest assent by an uplifted hand.  *See* § 906.03(2)-(4).  Subsection (1) also suggests that no specific recitation or procedure is required to administer an oath or affirmation, and that instead, the focus is on ensuring the truthfulness of the statements: "Before testifying, every witness shall be required to declare that the witness will testify truthfully, by oath or affirmation administered in a form calculated to awaken the witness's conscience and impress the witness's mind with the witness's duty to do so."  *See* § 906.03(1).  The permissive form of these provisions, combined with the directive in WIS. STAT.

10

§ 887.03 that the oath or affirmation supporting an affidavit "may be taken in any of the usual forms," leads us to reject Brown's argument that an affidavit that does not comply with the procedures and oral recitations set forth in § 906.03 is constitutionally deficient. *See also* 2 WAYNE R. LAFAVE, ET AL., CRIMINAL PROCEDURE § 3.4(c) (4th ed. 2020) ("Oath or affirmation requirement means the information must be sworn to"; however, "[n]o particular ceremony is necessary to constitute the act of swearing"; rather, "[i]t is only necessary that something be done in the presence of the magistrate issuing the search warrant which is understood by both the magistrate and the affiant to constitute the act of swearing." (footnotes omitted)).

¶19 We conclude that, under the facts present here, the search warrant was supported by Brown's oath or affirmation that the statements in his affidavit were true. We further agree with the State that *Kellner*, 197 Wis. 2d at 191-92, is instructive in determining whether the oath or affirmation requirement was satisfied.

¶20 *Kellner* addresses the requirement that a written notice of claim be "sworn to" before a claimant may bring an action against a state employee under WIS. STAT. § 893.82(5). *Kellner*, 197 Wis. 2d at 189. The court determined that "in order for a notice to be properly "sworn to" under Wis. Stat. § 893.82(5), a claimant must make an oath or affirmation as to the truthfulness of the contents of the notice." *Id.* at 191. The *Kellner* court explained that "[t]he essentials of an oath are: (1) a solemn declaration; (2) manifestation of intent to be bound by the statement; (3) signature of the declarer; and (4) acknowledgment by an authorized person that the oath was taken." *Id.* at 191-92.

11

¶21    Although Moeser is correct that *Kellner* does not involve an affidavit in support of a search warrant but instead addresses notices of claims against a state employee, the four factors articulated in that case are used to determine whether an oath or affirmation occurred in the context of swearing to the contents of a written document, which is the issue here.  These factors provide a useful framework for considering whether the Brown affidavit satisfied the oath or affirmation requirement.  Application of these factors shows that the Brown affidavit contained the requisite oath or affirmance in support of the warrant issued in this case.

¶22    First, Sergeant Brown made a "solemn declaration," *id.* at 191, by writing his name on the blank space for "name of Affiant" preceding the statement "being first duly sworn on oath, deposes and says."  Second, he manifested an "intent to be bound by the statement," *id.*, in several ways: by writing his name before the statement "being first duly sworn on oath, deposes and says," as just explained; by stating in his affidavit:  "I have personal knowledge that the contents of this affidavit are true and that any observations or conclusions of fellow officers referenced in this affidavit are truthful and reliable;" and by signing the affidavit in the presence of a notary public, Wills, alongside Wills' notary jurat indicating that the affidavit's contents were "[s]ubscribed and sworn to" Wills on the date indicated.  Third, the affidavit bears Brown's signature, which appears near the end of the affidavit.  Fourth, the affidavit indicates an "acknowledgement by an authorized person that the oath was taken," *id.* at 192, as manifested by Wills' notary jurat appearing below Brown's signature and stating that the affidavit was "subscribed and sworn to" Wills, along with Wills' notary seal.

¶23    Thus, we conclude that the four **Kellner** factors support the conclusion that the affidavit and warrant satisfied the oath or affirmation requirement.

### III.   *State v. Tye* **and** *State v. Hess*

¶24    In support of his argument that Brown's affidavit was "unsworn," Moeser relies heavily on our supreme court's decision in *Tye*.  This reliance is misplaced.   In *Tye*, the investigator failed to sign and swear to the affidavit supporting the search warrant, and gave no sworn testimony supporting the affidavit's accuracy.   *Tye*, 248 Wis. 2d 530, ¶5.   After the search warrant was executed, the investigator realized that the affidavit had not been given under oath and notified the district attorney's office of this fact.   *Id.*, ¶7.   Because of this defect, the investigator prepared and swore to a second affidavit.   *Id.*   The *Tye* court determined that the warrant was facially deficient because the only supporting affidavit at the time of the warrant's execution did not meet the constitutional requirement of an oath or affirmation.   *Id.*   The court held that "the total absence of any statement under oath" to support the search warrant at the time of its execution violated the oath or affirmation requirement of the federal and state constitutions.   *Id.*, ¶¶3, 21.

¶25    In contrast to *Tye*, in which there was a "total absence of any statement under oath," here, as explained above, Brown's affidavit contained numerous indicia of Brown's intent to swear or affirm to the truth of the affidavit's contents.   Furthermore, unlike this case, in which the parties dispute whether the affidavit met the oath or affirmation requirement, in *Tye* it was undisputed that there was absolutely no oath or affirmation supporting the search warrant affidavit when the search warrant was executed.   *See id.*, ¶¶4-7.   Moreover, the affidavit in

13

*Tye* not only failed the oath or affirmation requirement, it also lacked the affiant's signature, whereas Sergeant Brown signed the affidavit at issue in this case. *See id.*, ¶5.

¶26    Moeser also relies on *State v. Hess*, 2010 WI 82, 327 Wis. 2d 524, 541, 785 N.W.2d 568 (2010).  However, the arrest warrant in that case was not supported by any affidavit whatsoever, whether sworn or unsworn.  *Hess*, 327 Wis. 2d 524, ¶35.  Instead, a criminal arrest warrant was issued solely on the basis of a letter from a probation agent asking that the defendant be detained to facilitate the preparation of his presentence investigation report.  *Id.*, ¶¶6-8.  The parties agreed that the challenged search warrant in that case was facially defective and the court stated that the warrant was unsupported by oath or affirmation. Therefore, *Hess* is also distinguishable from the instant case and does not provide grounds for invalidating the search warrant that was based on Brown's affidavit.

¶27    In sum, Moeser has not provided authority that supports his position that the oath or affirmation requirement may only be satisfied if an oral statement is made and the procedures in WIS. STAT. § 906.03 followed.  Indeed, as discussed below, several foreign jurisdictions have rejected such a requirement under facts similar to those here.

### IV.  Persuasive Authority from Other Jurisdictions

¶28    Our conclusion is further supported by case law from other jurisdictions concluding that, in the warrant context, the oath or affirmation requirement can be satisfied by written statements.  For example, *United States v. Brooks*, 285 F.3d 1102 (8th Cir. 2002), which the circuit court relied on here, involved the following facts:

> At the beginning of the affidavit the officer typed, "I, Chris Graves, being duly sworn depose[ ] and state[ ] as follows," and preceding the line for his signature he typed, "I have read this affidavit and the facts herein are true to the best of my knowledge." The warrant application began by stating that Officer Graves was "duly sworn," and later recited that "being duly sworn [he] depose[d] and state[d]" that he had "probable cause."

*Brooks*, 285 F.3d at 1104. Additionally, the notary public's jurat followed the officer's signature and stated, "Subscribed and sworn to me this 18 of March 2000 at 1536 p.m." *Id.* The officer "did not 'recall the oath that [the notary] administered,'" and he also "did not remember the notary having him raise his right hand and solemnly swear 'to tell the truth and nothing but the truth.'" *Id.* However, the *Brooks* court determined that the affidavit's "repeated recitations" to the effect that the affiant was "duly sworn" reflected the affiant's "intention to be under oath." *Id.* at 1105. The court held that this intent, as manifested by the written document, satisfied the oath or affirmation requirement. *See id.* The court stated:

> [I]n this case we believe that the facts support a conclusion that [the officer] was under oath when he made the application for the warrant because he intended to undertake and did undertake that obligation by the statements that he made in his affidavit and by his attendant conduct. In other words, a person may be under oath even though that person has not formally taken an oath by raising a hand and reciting formulaic words. Even if [the officer] was not under oath, however, it is plain that his affidavit contained at the very least an affirmation of the truth of the statements in it, because it included a number of formal assertions that he was telling the truth. Thus the fourth amendment was not violated by the issuance of the warrant.

*Id.* at 1106; *see also* 3 AM. JUR. 2d *Affidavits* § 7 (2021) ("It is not essential that the affiant should hold up his hand and swear in order to make his act an oath, but

15

it is sufficient if both affiant and the officer understand that what is done is all that is necessary to complete the act of swearing.").

¶29    The reasoning in *Brooks* is persuasive.  Also persuasive are two cases cited by the *Brooks* court:  *State v. Douglas*, 428 P.2d 535 (Wash. 1967), and *Atwood v. State*, 111 So. 865 (Miss. 1927).  In *Douglas*, no oral oath was administered, but the affidavit indicated the affiant was "first duly sworn on oath" and the jurat indicated the affidavit was "subscribed and sworn before [the court commissioner]." *Douglas*, 428 P.2d at 538-39.  On those facts, the *Douglas* court held that the United States Constitution's oath or affirmation requirement was satisfied. *Id.* at 539.  In *Atwood*, the affiant signed a search warrant affidavit in the presence of a justice of the peace but no oral oath was administered, nor was the affiant required to raise his hand. *Atwood*, 111 So. at 865.  Nonetheless, the *Atwood* court determined that the affidavit met the requirement of an oath or affirmation. *Id.* at 866.

¶30    Likewise in *United States v. Fredericks*, 273 F. Supp. 2d 1032, 1037-38 (D.N.D. 2003), a federal district court, relying in part on the *Brooks* case, concluded that a person may be deemed to be under oath even in the absence of a raised hand and oral recitation.  Because the facts in *Fredericks*, like those in *Brooks*, are strikingly similar to the facts in this case and the rationale persuasive, we quote the *Fredericks* case at some length:

> In determining whether the Fourth Amendment's oath or affirmation requirement has been fulfilled, the Court may consider the language used in the search warrant application as well as the applicant's conduct. [*Brooks*,] 285 F.3d 1102, 1105–06. As the Eighth Circuit Court of Appeals explained in *United States v. Brooks*, a person may be under oath even though that person has not formally taken an oath by raising a hand and reciting formulaic words.

16

>>Almost all of the apposite cases indicate that this is the relevant inquiry because a person who manifests an intention to be under oath is in fact under oath. In *Atwood v. State*, 146 Miss. 662, 111 So. 865, 866 (1927), for instance, where both the law enforcement officer, who signed the affidavit in the presence of a justice of the peace, and the justice of peace, who affixed his jurat, knew an oath was required and did what they thought was necessary for the administration of an oath, the court concluded that "by construction, what occurred amounted to the taking of the necessary oath." The court added that "[o]ne may speak as plainly and effectually by his acts and conduct as he can by word of mouth." *Id.*

>>The Court finds that, under the circumstances, Officer Standish's "Affidavit for Search Warrant" satisfied the oath or affirmation requirement and that the search warrant was not issued in violation of the Fourth Amendment. The Affidavit begins by stating "that the undersigned being duly sworn deposes and states to the Court...." Additionally, the Affidavit reveals that Officer Standish signed the document upon presentation to the tribal court and [the judge] attested that the Affidavit was sworn to and subscribed by Officer Standish in her presence.

>>The nature of the document as well as Officer Standish's attendant conduct indicates that Officer Standish realized that he was swearing to the truth of what he said. Officer Standish's recitation that he was "duly sworn" reflects his intention to be under oath. Officer Standish's conduct was also consistent with this intention as he took the document to a tribal court judge and signed it in her presence. As it is apparent that Officer Standish had manifested an intent to be under oath, as such, he can be considered to be under oath for Fourth Amendment purposes.

*Fredericks*, 273 F. Supp. 2d at 1037-38; *see also* **United States v. Bueno-Vargas**, 383 F.3d 1104, 1111-12 (9th Cir. 2004) ("We conclude that signing a statement under penalty of perjury satisfies the standard for an oath or affirmation, as it is a signal that the declarant understands the legal significance of the declarant's statements and the potential for punishment if the declarant lies .… [T]he declarant knew that he was making a solemn promise to the magistrate judge that

all the information he was providing was true and correct. That is all the "Oath or affirmation" clause requires."); *State v. Gutierrez-Perez*, 337 P.3d 205, 206, 213 (Utah 2014) (although no oral oath or affirmation was made, court determined that a checked box on an electronic application for a warrant stating, "By submitting this affidavit, I declare under criminal penalty of the State of Utah that the foregoing is true and correct" was "more than enough to impress upon [the affiant] the solemnity of the occasion" and that the oath or affirmation requirement was satisfied); *People v. Sullivan*, 437 N.E.2d 1130, 1133 (N.Y. 1982) (oath or affirmation requirement satisfied in absence of oral oath or affirmation where written warning in informant's affidavit that any false statements would be punishable as a misdemeanor under New York law "served as the procedural and functional equivalent of the more traditional type of oath or affirmation"); *State v. Knight*, 995 P.2d 1033, 1041-42 (N.M. Ct. App. 2000) (although no formal oath ceremony, oath or affirmation requirement was met where application for wiretap warrant supported by affidavit stating, "Subscribed and sworn to or declared and affirmed to before me in the above[-]named county of the State of New Mexico" because this language "alerted" the affiant to the nature of the document).

¶31 These cases lend further support to our conclusion that, under the specific facts of this case, the search warrant was based on an oath or affirmation as to the truth of the content of the Brown affidavit.[11] As a result, Moeser has not shown that the circuit court erred in denying his motion to suppress the chemical test results of his blood.

---

[11] Notably, although the dissent attempts to distinguish these cases, it provides no case law from any jurisdiction in which a court, upon analogous facts, has taken a view contrary to that taken by the majority opinion in this case.

¶32    Accordingly, we affirm the judgment of conviction and the circuit court's order denying the motion to suppress evidence, and we remand this case for the circuit court to lift the stay of the sentence.

*By the Court.*—Judgment affirmed and cause remanded with directions.

Not recommended for publication in the official reports.

No. 2019AP2184-CR(D)

¶33 KLOPPENBURG, J. (*dissenting*). It is undisputed that: (1) contrary to the face of the search warrant affidavit, the officer seeking the warrant did not "make an oath or affirmation as to the truthfulness of the contents of the" affidavit before the officer who notarized the affidavit, ***Kellner v. Christian***, 197 Wis. 2d 183, 191, 539 N.W.2d 685 (1995); and (2) the officer seeking the warrant did not make such an oath or affirmation before the court commissioner who issued the warrant. It is also undisputed that the officers followed a department policy that dispenses with the oath or affirmation requirement for a valid search warrant. Under the plain language of the Wisconsin Constitution's oath or affirmation requirement as "reinforced" by state statutes, ***State v. Tye***, 2001 WI 124, ¶11, 248 Wis. 2d 530, 636 N.W.2d 473, and under longstanding case law interpreting the oath or affirmation requirement, the absence of any oath or affirmation attesting to the truth of the affidavit supporting the search warrant renders the search warrant void. The majority's conclusion that the affidavit did contain an oath or affirmation is contrary to the facts and is based on a misreading of Wisconsin case law and on resort to non-Wisconsin case law that contravenes Wisconsin law. Accordingly, I respectfully dissent.

## BACKGROUND

¶34 The following facts are undisputed. Moeser's blood was drawn pursuant to a search warrant issued after Moeser refused to consent to a blood draw. The warrant was supported by an affidavit submitted by Sergeant Steve Brown. At the top of the affidavit, before Brown set out his averments, he wrote his name on a blank space preceding the phrase, "being first duly sworn on oath,

deposes and says:" Near the bottom of the affidavit, Brown dated and signed the affidavit, immediately above a jurat that reads, "Subscribed and sworn to before me." Lieutenant Jacob Wills, a notary public, dated and signed the jurat and affixed his notary seal.

¶35 Sergeant Brown did not swear an oath or make a declaration or affirmation attesting to the truth of the statements contained in the affidavit, either when he signed the affidavit in the presence of Lieutenant Wills or when he appeared before the court commissioner; nor did Wills administer an oath or affirmation when he observed Brown sign the affidavit and "notarized Sgt. Brown's signature."[1] Both officers were following the "established policy" of the Portage County Sheriff's Office "for obtaining an OWI search warrant."

¶36 Moeser filed a motion to suppress the blood test results, arguing that the warrant did not satisfy the constitutional "oath or affirmation" requirement because Sergeant Brown did not make an oath or affirmation attesting to the truth of the statements in the affidavit. The circuit court denied Moeser's motion. Moeser subsequently pleaded guilty to sixth offense OWI. Moeser appeals the denial of his suppression motion.

---

[1] The majority's statement in footnote 4 that this court is not bound by these facts of record is perplexing. The majority suggests that this court can properly apply legal standards to facts—the presence in the affidavit of the prefatory "being first duly sworn on oath" and the jurat reading "Subscribed and sworn to before me"—that have been proven to be inaccurate. I agree with the majority that whether the undisputed facts as to the circumstances here satisfy the oath or affirmation requirement is a question of law. However, to the extent that the majority relies on these false facts to show compliance with the oath and affirmation requirement, I explain below why that reliance is contrary to Wisconsin law. To the extent that the majority relies on these facts to show the solemnity with which the officers proceeded, I explain below that the additional fact that the officers proceeded pursuant to a department policy under which the language in the affidavit is never accurate eliminates any solemnity that could be inferred from that language.

2

**DISCUSSION**

¶37    Like the Fourth Amendment to the U.S. Constitution, Article I, Section 11 of the Wisconsin Constitution states that "no warrant shall issue but upon probable cause, supported by oath and or affirmation."  Wisconsin courts have "long recognized an oath or affirmation as an essential prerequisite to obtaining a valid search warrant under the state constitution."  *Tye*, 248 Wis. 2d 550, ¶13.

¶38    An oath invokes a reference to God, while an affirmation is a solemn pledge without such a reference.  *See* WIS. STAT. § 906.03(1)-(3) (2019-20)[2] (providing that, in the context of testimony by witnesses in court proceedings, to fulfill the requirement that a witness declare that he or she will testify truthfully, the witness shall either swear an oath to tell the truth "so help you God" or solemnly declare and affirm that the witness will tell the truth "under the pains and penalties of perjury"); BLACK'S LAW DICTIONARY, (11th ed. 2019) (defining "oath" as "[a] solemn declaration, accompanied by a swearing to God or a revered person or thing, that one's statement is true or that one will be bound to a promise," and "affirmation" as "[a] solemn pledge equivalent to an oath but without reference to a supreme being or to swearing").  *See also* WIS. STAT. §§ 990.01(41) (providing that "'[s]worn' includes 'affirmed' in all cases where by law an affirmation may be substituted for an oath") and 990.01(24) (providing that "'[o]ath' includes affirmation in all cases where by law an affirmation may be substituted for an oath").

---

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

3

¶39    Whether the declaration "that the witness will testify truthfully" is made "by oath or affirmation," it must be "administered in a form calculated to awaken the witness's conscience and impress the witness's mind with the witness's duty to do so." WIS. STAT. § 906.03(1). Our courts have referred to statements made under either oath or affirmation as "sworn testimony." *State v. Baltes*, 183 Wis. 545, 552, 198 N.W. 282 (1924) ("The essential prerequisite to the issuance of a valid search warrant is the taking of sworn testimony…."); *see also* WIS. STAT. § 887.03 (providing that, with respect to making an oath or affidavit, "every person swearing, affirming or declaring in any such form shall be deemed to have been lawfully sworn").

¶40    The purpose of swearing, by oath or affirmation, is to

> impress upon the swearing individual an appropriate sense of obligation to tell the truth. An oath or affirmation to support a search warrant reminds both the investigator seeking the search warrant and the magistrate issuing it of the importance and solemnity of the process involved. An oath or affirmation protects the target of the search from impermissible state action by creating liability for perjury or false swearing for those who abuse the warrant process by giving false or fraudulent information. An oath preserves the integrity of the search warrant process and thus protects the constitutionally guaranteed fundamental right of people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures.

*Tye*, 248 Wis. 2d 530, ¶19 (footnotes omitted); *see also* ***Kellner***, 197 Wis. 2d at 191 ("It is established in law that an oath is an affirmation of the truth of a statement, which renders one willfully asserting an untruth punishable for perjury.").

¶41    Our legislature has "reinforced" our constitution's oath or affirmation requirement by enacting WIS. STAT. § 968.12(2). *Tye*, 248 Wis. 2d

530, ¶11. That statute provides, "A search warrant may be based upon *sworn* complaint or affidavit, or testimony … showing probable cause therefor." Sec. 968.12(2) (emphasis added). The statute further provides that the swearing requirement may be satisfied in one of two ways: (1) "the person requesting the warrant may swear to the complaint or affidavit before a [notary]"; or (2) a judge may place the person under oath…to swear to the complaint or affidavit." *Id.* In either case, "[t]he information provided to support the issuance of a warrant 'must be sworn to.'" *Tye*, 248 Wis. 2d 530, ¶13 (*citing **Baltes***, 183 Wis. at 552). "[W]hen no sworn testimony [or affidavit] exists to support a search warrant, then the warrant is void." *Tye*, 248 Wis. 2d 530, ¶13.

¶42     In sum, the statutes and case law relevant to our constitution's rule that "no warrant shall issue but upon probable cause, supported by oath and or affirmation," WIS. CONST. art. I § 11, plainly require that the truth of an affidavit supporting a warrant must be sworn to before either a notary or a judge. Here, it is undisputed that Sergeant Brown did not swear to the truthfulness of the statements in the affidavit before either the notary or the court commissioner. Thus, the warrant is void. *Tye*, 248 Wis. 2d 530, ¶13 (warrant unsupported by sworn testimony is void).

¶43     The majority's repeated assertions that the affidavit contained and was supported by the requisite oath or affirmation, Majority at ¶¶19 and 21, are flatly contradicted by the undisputed facts. Those facts show that the affidavit neither contained nor was supported by an oath or affirmation. In the absence of an oath or affirmation, the majority's conclusion that the affidavit nevertheless satisfied the oath or affirmation requirement and that the warrant is therefore valid is contrary to the language of our constitution, statutes, and case law cited above,

5

all of which, as explained, require that statements in an affidavit supporting a search warrant must be sworn to by oath or affirmation.

¶44    The majority explains away this factual and legal deficiency by citing to *Kellner*, 197 Wis. 2d 183, which it asserts has set forth a four-factor "test" for whether the oath and affirmation requirement has been met in the absence of an actual oath or affirmation, concluding that the *Kellner* test has been met here. Majority at ¶¶19-22. However, the majority misreads *Kellner*, as I now explain.

¶45    In *Kellner*, our supreme court concluded that, where no oath or affirmation as to the truthfulness of a notice of claim had been made or administered, the statutory requirement that a notice of claim be "sworn to" was not satisfied. *Kellner*, 197 Wis. 2d at 187-88. In that case, the claimants were asked by their attorney whether the contents of the notices of claim were true and accurate to the best of their knowledge and the claimants signed the notices before a notary who did not administer any oath or affirmation but merely signed an acknowledgement verifying that the signers were known to her to be the persons who signed the notices. *Id.* at 188-89.

¶46    The court expressly held that, to show compliance with the statutory "sworn to" requirement, "evidence that the contents have been sworn to must appear in the notice of claim." *Id.* at 194. In other words, the court held that the written document must on its face show that an oath or affirmation occurred. However, this requirement that the document reflect such an oath or affirmation is separate from the requirement that the oath or affirmation actually occur. *Id.* at 198 (requirement pertaining to document is "in addition" to the requirement that

6

"a claimant must make an oath or affirmation as to the truthfulness of the contents of the notice").

¶47     The making of the oath or an affirmation is an act. *Id.* at 188-89 (stating that "we agree" that "a notice of claim is 'sworn to' only when the claimant makes a formal oath or affirmation as to the truthfulness of the claim"). Quoting *People v. Coles*, 535 N.Y.S.2d 897, 903 (1988), the *Kellner* court explained that "the requirement of an oath is not a mere technicality. In order to constitute a valid oath, there must be in some form an unequivocal and present act by which the affiant consciously takes upon himself the obligation of an oath." *Kellner*, 197 Wis. 2d at 192. The full text of the language from which *Kellner* quoted, *Coles*, 535 N.Y.S.2d at 903 (internal citations omitted), is instructive:

> In order to constitute a valid oath, there must be in some form an unequivocal and present act by which the affiant consciously takes upon himself the obligation of an oath. Merely citing in a piece of paper that one has accepted upon one's self an oath is insufficient to constitute a swearing. A jurat containing the words "being duly sworn" is evidence of the fact that an oath was in fact properly administered. However, such jurat is neither part of the oath nor conclusive evidence of its due administration and may be attacked and shown to be false.

¶48     The language in *Kellner* reflects this same distinction between evidence in an affidavit that an oath was administered and the administration of the oath itself:  the court recognized that the affiants in that case had failed to satisfy either requirement. *Kellner*, 197 Wis. 2d at 191 ("[we] hold that, in order for a notice to be properly 'sworn to' … a claimant must make an oath or affirmation as to the truthfulness of the contents of the notice. In addition, the notice must contain a statement showing that the oath or affirmation occurred. Because [the claimants] failed to comply with these requirements, we affirm the decision of the court of appeals.") The administration of the oath requires some

7

degree of formality and solemnity. *Kellner*, 197 Wis. 2d at 187-88 (endorsing position that "a notice of claim is 'sworn to' only when the claimant makes a formal oath or affirmation as to the truthfulness of the claim, and when the notice states on its face that the oath or affirmation occurred"); *id.* at 193 ("Requiring a formal oath impresses upon any claimant the fact that he or she is bound by the accuracy and truthfulness of the statement in the notice of claim."); *id.* at 191 (essential to an oath is "a solemn declaration"). "The purpose of the oath is to impress the person who takes the oath with a due sense of obligation, so as to secure the purity and truth of his or her words under the influence of the oath's sanctity." *Id.* at 192.

¶49 Here, where the facts show unequivocally that no oath or affirmation occurred and that the affidavit was not sworn to before the notary, the *Kellner* requirements were not met. Although, as the majority explains, Brown wrote "his name on the blank space" "preceding the statement 'being first duly sworn on oath,'" Brown was in fact not "duly sworn on oath," and certainly not "in a form calculated to awaken the witness's conscience and impress the witness's mind with the witness's duty" to testify truthfully. WIS. STAT. § 906.03(1). As stated above, "[T]he requirement of an oath is not a mere technicality. In order to

constitute a valid oath, there must be in some form an unequivocal and present act." *Kellner*, 197 Wis. 2d at 192.[3]

¶50    The majority may be relying, in isolation from the *Kellner* court's affirmation of the two-part nature of the oath or affirmation requirement, on the court's rejection of the claimants' argument that the evidence that they told their attorney before they signed the notices that they swore to the truth of the notices' contents overcame the facial deficiencies in the notices.  *See id.* at 193-94. However, that situation is just the opposite of the situation here, where the affidavit on its face satisfies the oath or affirmation requirement, but undisputed evidence presented by Moeser with his motion to suppress and by the State with its opposition to the motion establishes that the statements related to the swearing to the truth of the affidavit's contents were inaccurate.  The majority points to no language in *Kellner* suggesting that the face of the document controls where the pertinent statements in the document are shown to be inaccurate.

¶51    Alternatively, the majority appears to reason that the court in *Kellner* set forth a four-factor test to determine whether, in the absence of an oath or affirmation, a document establishes substantial compliance with the oath or

---

[3] The court in *Kellner* does not specify the form that the required "act" must take. However, nothing in *Kellner* or in the language of our constitution or statutes allows for the "act" to be dispensed with altogether, as the majority suggests in footnote 8.  The officer's act of writing and signing his own name does not itself amount to an "unequivocal or present act" of swearing because it is not a "formal oath" or "solemn declaration."  *See Kellner v. Christian*, 197 Wis. 2d 183, 187-88, 191, 539 N.W.2d 685 (1995).  This does not imply that an officer is required to speak magic words or raise his or her hand; what matters is the "sanctity," *id.* at 192, and "solemnity" of the oath.  *State v. Tye*, 2001 WI 124, ¶19, 248 Wis. 2d 530, 636 N.W.2d 473. "An oath is a matter of substance, not form."  *Id.*  Here, the majority points to nothing in the record to suggest that in writing and signing his name Officer Brown "consciously [took] upon himself" a solemn, sacred obligation to tell the truth.  *Kellner*, 197 Wis. 2d at 192.

affirmation requirement. Majority, ¶¶20-22. Specifically, the majority points to the following language:

> It is established in law that an oath is an affirmation of the truth of a statement, which renders one willfully asserting an untruth punishable or perjury. The essentials of an oath are: (1) a solemn declaration; (2) manifestation of intent to be bound by the statement; (3) signature of the declarer; and (4) acknowledgement by an authorized person that the oath was taken.

*Id.* at 191-92 (citations omitted). The majority is mistaken. This language simply defines what an oath or affirmation is; there is no suggestion anywhere in the opinion that these four factors comprise a test by which to determine whether something that is not an oath or affirmation could be so construed. To the contrary, the court explicitly held that the document "must contain a statement showing that [an] oath or affirmation occurred." *Id.* at 191. Here, as the majority explains in ¶22, there is no dispute that the affidavit did reflect all of the elements in the court's definition of an oath or affirmation. The problem is that none of the elements, other than the affiant's signature, actually occurred. That is, the undisputed facts of record show that three of the "essentials of an oath" did not exist here: the affiant did not swear by oath or affirmation to the truth of the affidavit's contents, the notary did not administer an oath or affirmation, and neither the notary nor the court commissioner "impress[ed] the person who takes the oath with a due sense of obligation, so as to secure the purity and truth of his or her words under the influence of the oath's sanctity." *Id.* at 192. The majority points to no language in *Kellner* supporting the proposition that the court's definition of an oath may be used as a basis for showing that, where no oath or affirmation actually occurred, the affiant and notary meant for the oath or

10

affirmation requirement to be satisfied.[4] The requirements for the affidavit are "in addition" to, *id.* at 191, 198, not in substitution for, the requirement for a "formal oath," *id.* at 187, 193.

¶52 The majority also points to non-Wisconsin cases for the proposition that an affidavit satisfies the oath or affirmation requirement if it reflects the affiant's solemn intent to be under oath or affirmation even in the absence of an oath or affirmation. In addition to being nonbinding, *see State v. Muckerheide*, 2007 WI 5, ¶7, 298 Wis. 2d 553, 560, 725 N.W.2d 930, 933 (case law from other jurisdictions "is not binding precedent in Wisconsin, and a Wisconsin court is not required to follow it"), this case law is not persuasive in light of Wisconsin's body of law indicating that an oath or affirmation is a "formal" "present act" designed to "awaken the witness's conscience" and through which the witness "consciously takes upon himself" a "due sense of obligation" under the "oath's sanctity." *Kellner*, 187, 192; WIS. STAT. § 906.03(1). *See also, Tye,* 248 Wis. 2d 530, ¶¶18-19 (disagreeing with State's argument that absence of sworn statement is a mere matter of "formality").

---

[4] In footnote 5, the majority notes that we have ruled that the absence of an oath or affirmation attesting to the truth of an affidavit did not suffice to invalidate the search warrant in *State v. Johnson*, No. 2019AP1398-CR, unpublished slip op., ¶33 (WI App Sept. 9, 2020). However, we so concluded because the officer swore to the truth of the contents of his affidavit directly to the judge. *Id.* at ¶¶24, 30. We concluded that the officer's exchange with the judge "sufficiently reminded both the investigator seeking the search warrant and the magistrate issuing it of the importance and solemnity of the process involved." *Id.* at ¶30 (internal quotations and quote source omitted). Similarly, in *State v. Orozco-Angulo*, No. 2014AP1744-CR, unpublished slip op., ¶¶11, 14 (WI App April 8, 2015), we upheld the validity of a search warrant where the officer swore to the judge that the information that he provided in his affidavit and in his testimony was true. These cases support the conclusion here that the absence of any swearing by oath or affirmation did suffice to invalidate the search warrant. No reminders of the importance and solemnity of the search warrant application process existed here, where the statements that the contents had been sworn to were not accurate and where no such swearing had been made or administered pursuant to a department policy that had dispensed with such swearing.

¶53    Moreover, all the cases cited from other jurisdictions are easily distinguished from the case at bar.  None of them appear to concern a situation where, as here, the record establishes as uncontroverted that the officers proceeded pursuant to a department policy by which an oath or affirmation was routinely *not* made or administered before signing an affidavit supporting a search warrant.  The majority cites no law that permits a law enforcement agency to adopt a policy that dispenses with the oath or affirmation requirement for a valid search warrant.  The oath or affirmation "is an essential component of the Fourth Amendment and legal proceedings."  *Tye,* 248 Wis. 2d 530, ¶19.  Such a policy establishes a routine that effectively eliminates the intentional solemnity of the warrant application process, in violation of the oath requirement's purpose.  *See Kellner*, 197 Wis. 2d 183, 192. ("The purpose of the oath is to impress the person who takes the oath with a due sense of obligation, so as to secure the purity and truth of his or her words under the influence of the oath's sanctity.").[5]

¶54    Finally, it is not only, as the majority notes at footnote 5, a better practice for a law enforcement agency *not* to have such a policy; such a "better practice" is constitutionally mandated.  Wisconsin courts have held that acting routinely pursuant to department policy does not satisfy constitutional requirements that depend on specific facts.  *See State v. Guy*, 172 Wis. 2d 86, 100, 492 N.W.2d 311 (1992) (department policy of automatically frisking everyone present for weapons while executing a search warrant for drugs in a private

---

[5] In addition, at least three of the non-Wisconsin cases concern affidavits containing statements, absent in this case, that the affiant declares or signs under penalty of perjury, or that any false statements are punishable under state law.  *See United States v. Bueno-Vargas*, 383 F.3d 1104 (9th Cir. 2004), *State v. Gutierrez-Perez*, 337 P.3d 205 (Utah 2014); *People v. Sullivan*, 437 N.E.2d 1130 (N.Y. 1982).

12

residence does not relieve officer of constitutional requirement that the officer have a reasonable suspicion that a person was armed before frisking that person for weapons); *State v. Kruse*, 175 Wis. 2d 89, 98, 499 N.W.2d 185 (Ct. App. 1993) (officers' testimony that they "routinely" secure other rooms incident to a felony arrest regardless of whether they have information that weapons or other persons are present in the home does not satisfy the State's burden of showing that the officer had reasonable suspicion based on articulable facts to support the search at issue).

## CONCLUSION

¶55    In sum, the majority's conclusion that the affidavit did contain an oath or affirmation sufficient to satisfy the oath or affirmation requirement for a valid search warrant is contrary to the facts and is based on a misreading of Wisconsin case law and on resort to non-Wisconsin case law that contravenes Wisconsin law. Applying Wisconsin law to the facts here, I conclude that the search warrant is void because it was not supported by a sworn affidavit and, therefore, I would reverse the circuit court's order denying Moeser's motion to suppress and remand for further proceedings. Accordingly, I respectfully dissent.